Ivy Lee WHITT, Brian S. Williams,
Ruth S. Davis, Virgil W.
Stokes, Appellants,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

Nos. 89–16, 89–151, 90–38 and 90–122.

United States Court of Veterans Appeals.

Argued July 26, 1990.

Decided Oct. 12, 1990.

Steven R. Thorpe, Knoxville, Tenn., with whom Mark A. Venuti and Barton F. Stichman, Washington, D.C., were on the brief, for appellant Ivy Lee Whitt.

David W. Ewing, San Francisco, Cal., for appellant Brian S. Williams.

Ronald L. Smith, Washington, D.C., for appellant Ruth S. Davis.

Stephanie Forester, with whom William F. Russo, Mark A. Venuti, and Barton F. Stichman, Washington, D.C., were on the brief, for appellant Virgil W. Stokes.

Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Craig M. Kabatchnick, with whom Raoul L. Carroll, Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, Jacqueline E. Monroe and David W. Engel, Washington, D.C., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

KRAMER, Associate Judge, filed the opinion of the Court, in which NEBEKER, Chief Judge, joined.

FARLEY, Associate Judge, concurring in part and dissenting in part, filed a separate opinion.

KRAMER, Associate Judge:

## SUMMARY OF DECISION

The Court joined *Whitt v. Derwinski*, U.S.Vet.App. No. 89–16, *Williams v. Derwinski*, U.S.Vet.App. No. 89–151, *Davis v. Derwinski*, U.S.Vet.App. No. 90–38, and *Stokes v. Derwinski*, U.S.Vet.App. No. 90–122 because, in each of these cases, the Secretary of Veterans Affairs (Secretary) filed a motion to dismiss, asserting that the Notice of Disagreement (NOD) was filed before November 18, 1988, and that the Court is thus without jurisdiction. The Veterans' Judicial Review Act (Act) provides that it "shall apply with respect to any case in which a notice of disagreement is filed ... on or after ... [November 18, 1988]." Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988). The definition of an NOD, at 38 C.F.R. § 19.118 (1989) (Regulation), is dispositive of whether we have jurisdiction. Applying this definition to the facts of these cases, we deny the motions to dismiss in the *Whitt* and *Williams* cases and grant them in the *Davis* and *Stokes* cases.

## ANALYSIS

■ Prior to the Act, there existed a statutory bar to judicial review of veterans' benefits decisions. 38 U.S.C. § 211(a) (1988). The Act granted the Court exclusive jurisdiction to review decisions which are adverse to claimants of the Board of

Veterans' Appeals (BVA), 38 U.S.C. § 4052 (1988), "in which a notice of disagreement is filed under section 4005 of title 38, United States Code, on or after ... [November 18, 1988]." Pub.L. No. 100–687, § 402. Neither the Act, nor 38 U.S.C. § 4005 (1988), however, define an NOD. Section 4005 provides procedures that the appellant shall follow in filing an NOD and the actions that the Secretary shall take subsequent to such filing. A written NOD starts an appeal within the Department of Veterans Affairs (VA), is based upon disagreement with a determination of the agency to which an application for benefits was made, and must be filed within one year of the date of the mailing of the notice of such determination. § 4005(a), (b)(1).

Citing the statutory authority in § 4005, the Secretary defined NOD in the Regulation as follows:

> A written communication from a claimant or the representative expressing dissatisfaction or disagreement with an adjudicative determination of an agency of original jurisdiction (the VA regional office, medical center or clinic which notified the claimant of the action taken) will constitute a Notice of Disagreement. The Notice of Disagreement should be in terms which can be reasonably construed as a desire for review of that determination. It need not be expressed in any special wording.

38 C.F.R. § 19.118.

While the Secretary maintains that the only valid NOD that can be filed is the first NOD filed in response to the first adjudicative determination of an agency of original jurisdiction with respect to a particular claim, the plain language of the Regulation states otherwise. The operative words are "expressing dissatisfaction or disagreement with *an* adjudicative determination of an agency of original jurisdiction (the VA Regional Office, medical center or clinic which notified the claimant of the action taken)...." (emphasis added). Nothing in this language suggests that the only NOD that can be filed is in response to the first agency of original jurisdiction adjudication on a particular claim. The only limitation

involves the necessity to file the NOD in response to "an adjudicative determination" made by the Regional VA activity. Such a reading is supported by agency practice which over the years has, at the very least, been informal and unstructured.

In *Erspamer v. Derwinski*, 1 Vet.App. 3, 8 (1990), the Court stated:

> The *trigger* for a Notice of Disagreement is an *adjudication decision* ... In view of the two BVA remands for development of additional evidence, there is real potential that there will be subsequent adjudication [and that] a new Notice of Disagreement might be filed ... [which could be the basis for] ... appellate jurisdiction.

(emphasis added).

Thus, the Court has already clearly expressed the view that there can be more than one NOD filed under certain circumstances with respect to the same claim.

Moreover, as part of the Act, Congress reenacted § 4005 of Title 38, with several changes not pertinent here. In *Isaacs v. Bowen*, 865 F.2d 468, 473 (2d Cir.1989), the court stated:

> A recent statement of the basic doctrine [of legislative reenactment] is that when the agency charged with the implementation of a statute has purported to interpret it by promulgating regulations, and Congress—without overruling or clarifying the agency's interpretation—later amends the statutory scheme, the agency view is then deemed consistent with Congress' objectives. Although accurate, this formulation does not adequately define the contours of the doctrine, which the Supreme Court expressed in this fashion: '[w]hen a Congress that re-enacts a statute voices its approval of an administrative or other interpretation thereof, Congress is treated as having adopted that interpretation, and this Court is bound thereby.' *United States v. Board of Comm'rs*, [435 U.S. 110, 134, 98 S.Ct. 965, 980, 55 L.Ed.2d 148 (1978)]. This suggests that a test is required to ascertain whether Congress has spoken clearly enough to

constitute acceptance and approval of the administrative interpretation. Mere reenactment is insufficient. It must also appear that Congress expressed approval of the agency interpretation. That is to say, the doctrine applies when Congress indicates not only an awareness of the administrative view, but also takes an affirmative step to ratify it. In short, to construe an agency's interpretation as Congress' will we must find a manifestation of congressional approval.

(citations omitted).

We believe that the *Isaacs* test for application of the doctrine of legislative reenactment is met in this case. When Congress passed the Act, it made no change affecting the Regulation which had been in effect since 1963 and of which it must have been aware, given the relationship between 38 U.S.C. § 4005 and the Regulation. More importantly, Congress specifically provided the Court with jurisdiction based on the filing date of an NOD, thus taking the affirmative step necessary to ratify the definition of an NOD contained in the Regulation.

The Court holds that any NOD which meets the requirements of the Regulation is valid for purposes of conferring jurisdiction. We now turn to a discussion of how this holding affects the cases under consideration.

### The *Whitt* case

In January 1988, appellant filed a reopened claim with the Chicago, Illinois, Regional Office seeking entitlement to a permanent and total disability rating for pension purposes. On August 12, 1988, the Regional Office adjudicated the reopened claim and denied the appellant pension benefits. The appellant received notification from the Regional Office of the denial decision in a letter dated August 19, 1988. On August 26, 1988, the appellant submitted a VA Form 21–4138, Statement in Support of Claim, to the Regional Office disagreeing with the denial and requesting a personal hearing. The Regional Office issued a Statement of the Case on September 26, 1988. On October 21, 1988, the appellant appeared before a Hearing Officer and presented testimony concerning his pension claim.

On January 3, 1989, the appellant received notification that the Hearing Officer had continued the denial of pension benefits. Having received notification of the Hearing Officer's decision, on January 5, 1989, the appellant submitted another VA Form 21–4138 to the Regional Office, expressing dissatisfaction with the decision to continue the denial of benefits. After the BVA, in its decision of June 15, 1989, denied appellant entitlement to a permanent and total disability rating for pension purposes, appellant filed a timely Notice of Appeal with the Court.

■ The Secretary filed a motion to dismiss for lack of jurisdiction, asserting that the only valid NOD was the first VA Form 21–4138 filed on August 26, 1988, prior to the statutorily mandated filing start date of November 18, 1988.

We disagree. While it is true that the appellant did file an NOD prior to November 18, 1988, it is also true that the VA Form 21–4138 filed on January 5, 1989, met all the criteria for an NOD set out in the Regulation. It was a written communication from the claimant expressing dissatisfaction and a desire for review of the Hearing Officer's decision. Most importantly, the primary purpose of the Hearing Officer was to adjudicate the appellant's claim and his decision to continue the denial of benefits was an adjudicative determination within the meaning of the Regulation. *See* Veterans Benefits Administration Circular 20–89–11 (March 26, 1990). The Court holds that the appellant did file an NOD on or after November 18, 1988, and that the Court thus has jurisdiction to review the BVA decision of June 1989.

The Secretary is ordered to file a designation of record on appeal within .30 days.

### The *Williams* Case

■ In a rating decision dated February 19, 1987, the San Francisco, California, Regional Office awarded the appellant a 10–percent disability rating for his service-connected Post Traumatic Stress Disorder (PTSD). In a letter dated March 23, 1987,

the appellant notified the Regional Office that he wished to appeal the rating. On June 8, 1987, the Regional Office issued a Statement of the Case.

On February 10, 1988, the appellant filed a VA Form 21–4138, Statement in Support of Claim, and a brief with the Regional Office. After receiving a report of a psychiatric examination concerning the appellant, the rating board in the Regional Office prepared another rating decision dated October 3, 1988, increasing the disability rating from 10 percent to 50 percent. The appellant received notification of this new adjudicative determination by letter dated November 1, 1988.

On February 17, 1989, the appellant filed another VA Form 21–4138 along with another brief with the Regional Office "in support of appeal for rating increase." The Regional Office issued a Supplemental Statement of the Case on April 14, 1989. The BVA in its decision dated September 5, 1989, denied the appellant entitlement to an increased disability rating for his PTSD from the 50 percent awarded by the Regional Office in its October 3, 1988 decision.

The appellant filed a timely Notice of Appeal with the Court and the Secretary moved to dismiss for lack of jurisdiction, alleging that appellant's NOD was jurisdictionally ineffectual as it was filed prior to November 18, 1988.

By its rating action of October 3, 1988, the Regional Office granted the appellant entitlement to an increased disability rating for PTSD. This rating action constituted an adjudicative determination. In February 1989, the appellant filed both a VA Form 21–4138 and a brief with the Regional Office, expressing dissatisfaction with this adjudication. Since these submissions met all of the criteria set forth in the Regulation, they constitute a valid NOD to the assignment of the 50–percent rating for the appellant's PTSD. Thus, the Court holds that it has jurisdiction to review the September 1989 BVA decision which denied the appellant entitlement to an increase in his 50–percent disability rating.

The Secretary is ordered to file a designation of record on appeal within 30 days.

### The *Davis* case

The appellant, the veteran's widow, reopened her claim for benefits in early 1988 by filing an application with the Houston, Texas, Regional Office for entitlement to service connection for the cause of the veteran's death. The Regional Office denied appellant's reopened claim on April 18, 1988. In June 1988, the appellant filed an NOD as to this decision. In response, the Regional Office issued a Statement of the Case on July 15, 1988, limited to a discussion of the Regional Office's decision that the appellant had not submitted new and material evidence which would support an award of service connection for the cause of the veteran's death. In September 1988, the appellant submitted a VA Form 1–9, Appeal to Board of Veterans Appeals, to the Regional Office asking for BVA review. In this document she raised for the first time the issue of whether negligent medical care provided to her deceased husband in a VA hospital caused his death. When the Regional Office processed the VA Form 1–9, it recognized that the appellant had raised a new basis for benefits. Treating the appeal as a new claim, the Regional Office proceeded to adjudicate for the first time the appellant's entitlement to benefits under the criteria governing this type of claim set forth in 38 U.S.C. § 351 (1988), and implemented by 38 C.F.R. §§ 3.358, 3.800 (1989). On September 22, 1988, the Regional Office rating board prepared a rating determination denying appellant benefits under these provisions. The Regional Office notified the appellant of this decision by letter dated October 14, 1988. On November 2, 1988, the appellant's representative submitted a VA Form 1–646, Statement of Accredited Representative in Appealed Case, to the Regional Office. In this submission, the representative stated that the issue on appeal to the BVA is "[s]ervice connection for cause of death under 38 CFR 3.800 [sic]." As indicated, this regulation implements the provisions of § 351 by addressing whether the veteran's death while receiving treatment in a VA hospital resulted from negligence,

accident, or improper care. Upon receipt of the November 2, 1988, VA Form 1–646, the Regional Office issued a Supplemental Statement of the Case to appellant on November 22, 1988. The appellant submitted a VA Form 21–4138, Statement in Support of Claim, dated December 20, 1988, disagreeing with the finding that her husband's death had not resulted from negligence and requesting BVA review.

On February 6, 1989, the representative submitted a memorandum to the Regional Office, referencing the October 14, 1988, VA letter to the appellant and requesting that the memorandum be considered an NOD to the denial of benefits under § 3.800. On October 12, 1989, the BVA denied the appellant's reopened claim of early 1988 for entitlement to service connection for the cause of the veteran's death. While the BVA did note the appellant's negligence claim, it declined to decide the issue, instead concluding that "it is to the appellant's advantage to consider the issue on the basis of service connection and not on the basis of entitlement to benefits under 38 U.S.C. § 351." *Harry R. Davis,* loc. no. 929434, at 2 (BVA Oct. 12, 1989).

The appellant filed a timely Notice of Appeal with the Court and the Secretary moved to dismiss for lack of jurisdiction. While acknowledging that two documents had been filed that might have been NOD's, each on a separate claim, the Secretary, nevertheless, asserted that since both documents had been filed prior to November 18, 1988, the Court lacked jurisdiction over both claims.

█ In this case, the facts disclose that there are two separate claims, multiple adjudications thereon by the Regional Office, and two separate NOD's as defined by the Regulation filed in response thereto. Neither NOD, however, is sufficient to provide the Court with jurisdiction in that each was filed prior to November 18, 1988.

The first claim is a reopened claim for service connection for cause of death filed in early 1988. The adverse adjudication thereon occurred on April 18, 1988, and the NOD with respect thereto was filed on June 6, 1988.

The second claim was filed in September 1988 for negligent medical care in a VA hospital causing death, a claim separate from and independent of the first claim. The adverse adjudication on this claim occurred on September 22, 1988, and the NOD with respect thereto was filed on November 2, 1988.

The real dispute between the parties revolves around which document constitutes the NOD to the adverse adjudication in the second claim. While it is true that the appellant's representative, in his November 2, 1988 filing of VA Form 1–646, inaccurately characterized the issue as one involving service connection rather than negligence, the reference to 38 C.F.R. § 3.800 leaves no doubt that the appealed issue included cause of death from medical negligence in a VA hospital. And while it is also true that the representative did not characterize his filing as an NOD, the document, nevertheless, met the requirements of the Regulation. It was a written communication. It came from the claimant's representative. It expressed dissatisfaction and disagreement with the adverse Regional Office adjudicative determination of September 22, 1988, notice of which was given by the Regional Office to the claimant by letter dated October 14, 1988. Lastly, as there is no requirement that the NOD have any special wording, the reasonable construction of the document is that it requested review of the September 22, 1988, adverse determination. Because the VA Form 1–646 filed November 2, 1988, already constituted the NOD that pertained to this specific adjudicative determination, VA Form 21–4138 dated December 20, 1988, and submitted by the appellant, and the February 6, 1989, filing of a memorandum by her representative, cannot also constitute NOD's to the same adjudicative determination. While there can be more than one effective NOD involving a particular claim, there can only be one effective NOD with respect to each adjudicative determination of an agency of original jurisdiction and that must, of necessity, be the first document filed which meets the requirements of the Regulation. For the reasons

stated above, the motion of the Secretary is granted and the appeal dismissed for lack of jurisdiction.

### The *Stokes* Case

In December 1986, the appellant reopened his claim with the Montgomery, Alabama, Regional Office seeking entitlement to service connection for his multiple sclerosis. The Regional Office denied the reopened claim by letter dated December 30, 1986.

In April 1987, the veteran submitted a VA Form 21–4138, Statement in Support of Claim, which could be construed as an NOD. The Regional Office responded by letter dated July 16, 1987, informing the appellant that no further action could be taken on his claim. The appellant submitted another VA Form 21–4138 on July 29, 1987, stating that he disagreed with the conclusions concerning his claim for benefits. The Regional Office wrote to the appellant again on August 25, 1987, explaining why the reopened claim remained denied. On September 16, 1987, the appellant responded by submitting yet another VA Form 21–4138 in which he continued to disagree with the denial of benefits for his multiple sclerosis. On September 23, 1987, the appellant's representative submitted a memorandum to the Regional Office, referring to the appellant's disagreement with the denial of benefits and requesting a Statement of the Case. On December 16, 1987, the Regional Office rating board prepared a rating decision, denying the reopened claim.

The Regional Office sent the appellant a Statement of the Case in September 1988 to which the appellant responded by filing a VA Form 1–9, Appeal to the Board of Veterans Appeals, the same month. On this form, the appellant indicated a desire to appear at a personal hearing to be conducted by the Regional Office. Such a hearing was held on November 16, 1988, in which appellant testified and submitted written statements from persons having knowledge of his physical health before and after his period of military training. Although the Hearing Officer then denied the appellant entitlement to service connection for his multiple sclerosis on December 9, 1988, no notification of this decision was apparently mailed to the appellant or his representative until April 3, 1989.

In March 1989, the appellant's representative filed a VA Form 1–646, Statement of Accredited Representative in Appealed Case, with the Regional Office, expressing disagreement with a January 4, 1988, rating decision which is not part of the record presently before the Court. While the document also referred to the hearing held before the Hearing Officer on November 16, 1988, no reference was made to the decision of the Hearing Officer. On April 3, 1989, the Regional Office mailed notice to the appellant that the Hearing Officer had denied his claim for service connection for multiple sclerosis. On December 28, 1989, the BVA denied the appellant service connection for his multiple sclerosis and the appellant filed a timely Notice of Appeal with the Court.

■ The Secretary moved to dismiss for lack of jurisdiction, contending that no jurisdictionally effective NOD was filed on or after November 18, 1988. The appellant, however, contends that the VA Form 1–646 filed in March 1989 with the Regional Office constituted a jurisdictionally effective NOD.

Because this document disagrees only with the purported rating decision of January 4, 1988, however, it is not sufficient to provide jurisdiction. That rating decision is not before the Court. It is referenced only in the March 1989 VA Form 1–646 and nowhere else in the record. No mention of it is made elsewhere by the appellant or anywhere by the Secretary.

Even if this rating decision were before the Court, 38 U.S.C. § 4005(b)(1) and 38 C.F.R. § 19.129 (1989) require that an NOD be filed within one year from the date of mailing of the notice of determination. Although we do not know precisely when notice of the purported January 4, 1988, rating decision was mailed to the appellant or his representative, this March 1989 NOD may very well fail to be valid regarding this decision because of the one-year time requirement.

Had the March 1989 VA Form 1–646 disagreed with the adjudicative determination of the Hearing Officer which was rendered December 9, 1988, and mailed to the appellant April 3, 1989, it would have provided the Court with jurisdiction. Or, for that matter, had any other document been timely filed by the appellant, prior to the BVA decision and, which met the requirements of the Regulation with respect to the December 9, 1988, adjudication, it would have provided the Court with jurisdiction. Why an NOD was not filed regarding this adjudication is not known. However, the VA Form 1–646 which was filed in March 1989 is not such a document. While it referred to the hearing, it did not in anyway disagree with the decision emanating from it. Perhaps, given the fact that the Regional Office did not mail notification of its decision until April 1989, there was no awareness of the decision when the VA Form 1–646 was filed. Nevertheless, the Regulation requires a written communication expressing disagreement with an adjudicative determination, not simply a statement of awareness that such adjudication is in progress.

Thus, for the reasons stated, the Court does not have jurisdiction to review the BVA decision of December 28, 1989, because no jurisdictionally effective NOD was filed on or after November 18, 1988. The motion of the Secretary to dismiss the appeal is granted.

FARLEY, Associate Judge, concurring in part and dissenting in part.

I agree with the principles and analyses of the majority and the results derived from their application to the *Whitt, Williams* and *Davis* cases. However, because I do not believe that they were correctly applied in the *Stokes* case, I respectfully dissent.

Congress determined that this Court would have jurisdiction to review decisions of the Board of Veterans Appeals (BVA) in those cases "in which a notice of disagreement [was] filed ... on or after [November 18, 1988]." Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402. Congress might well have chosen to confine the grant of jurisdiction to BVA decisions entered "on or after" November 18, 1988, but it did not. Instead, Congress chose an earlier interim step in the claims adjudication process and focused upon the Notice of Disagreement (NOD).

Prior to the creation of this Court, the NOD served only a minor role in the adjudication process. A rating decision was usually communicated to a veteran in the barest of terms with little recitation of the evidence or discussion of the rationale. If the veteran was dissatisfied with the result and desired review by the BVA, it was necessary for the veteran to file a NOD with the Regional Office. 38 C.F.R. § 19.-118 (1989). The function of the NOD was merely to prompt the Regional Office to prepare a Statement of the Case (SOC) which consists of a description of the evidence and the basis for the adjudication for review by the BVA. 38 C.F.R. § 19.119 (1989). However, with the passage of the Veterans' Judicial Review Act, 38 U.S.C. §§ 4051–4092 (1988), the NOD, which previously served only a minor procedural purpose, was accorded new and substantial legal significance for it was selected to serve as the foundation of this Court's jurisdiction. *See* Pub.L. No. 100–687, § 402.

The filing of an initial NOD satisfied the procedural purpose of the Department of Veterans Affairs (VA) for it would have prompted the preparation of the SOC and initiated the appeal. It is for this reason that the VA never had the occasion to address the question of whether there could be more than one NOD with respect to a single claim. Consideration of subsequent NOD's only became important when the NOD was decreed by statute to have a bearing on this Court's jurisdiction. While multiple NOD's would have little or no significance for the VA in processing an appeal, they could well be significant in determining whether this Court could entertain an appeal of a BVA decision.

As we said in *Erspamer v. Derwinski*, 1 Vet.App. 3 (1990), "the trigger for a Notice of Disagreement is an adjudication deci-

sion." *Erspamer*, at 8. If there is more than one adjudication, there can, but need not, be more than one NOD; thus, an NOD is triggered by an adjudication but every adjudication need not trigger an NOD. If, following an adjudication, an initial NOD was filed after November 18, 1988, this Court would have jurisdiction to review the BVA decision. If, however, the initial NOD was filed before November 18, 1988, this Court would not have jurisdiction unless there was a subsequent adjudication and a valid NOD filed after November 18, 1988.

In both the *Whitt* and *Williams* cases, there were initial adjudications and NOD's filed prior to November 18, 1988, and subsequent adjudications (by a Hearing Officer in *Whitt* and by the Regional Office, *sua sponte*, in *Williams*) followed by NOD's filed after November 18, 1988. This Court has jurisdiction to consider each of these cases and I concur in the denial of the Secretary's motions to dismiss. In *Davis*, an initial adjudication was also followed by a later adjudication but the subsequent NOD was filed before rather than after November 18, 1988. Therefore, this Court lacks jurisdiction and I concur in the granting of the Secretary's motion to dismiss. In *Stokes*, an initial adjudication and a pre-November 18, 1988, NOD was followed by a later adjudication, the December 9, 1988, decision by the Hearing Officer. The veteran, by his Paralyzed Veterans of America representative, filed a VA Form 1–646 dated March 31, 1989, with the Regional Office. The veteran's representative specifically disagreed with the "VA rating decision of 1–4–88", Br. of Appellant at Exhibit 24, which was the original adjudication, and stated that the veteran "has properly completed all steps to this final appeal." *Id.* Specific mention was made of the "personal hearing before the Hearing Officer on 11–16–88." *Id.* The veteran's testimony at the hearing was summarized and, in the penultimate paragraph, "[t]he VA's repeated denial ..." of the claim was noted. *Id.* The majority con-

cludes that this document is not an NOD and it is this conclusion with which I disagree.

Two reasons are given for the conclusion that the filing of March 31, 1989, is not an NOD: "While it referred to the hearing, it did not in any way disagree with the decision emanating from it. Perhaps, given the fact that the Regional Office did not mail notification of its decision until April, 1989, there was no awareness of the decision when the VA Form 1–646 was filed." *Supra* at p. 47. It is true that the decision of the Hearing Officer is not referred to by specific date; however, 38 C.F.R. § 19.118 provides that: "The Notice of Disagreement should be in terms which can be reasonably construed as a desire for review of that determination. It need not be expressed in any special wording." In my view, the March 31, 1989, VA Form 1–646 submitted on behalf of the veteran "can be reasonably construed as a desire for review", *id.*, of the Hearing Officer's adjudication. After all, "[i]t need not be expressed in any special wording." *Id.*

The second reason given by the majority is that the veteran himself could not have had notice of the Hearing Officer's decision on March 31, 1989, the date which appears on the document, because, as the veteran later noted in a *pro se* submission, he did not receive notice of the decision until April 1989. This is an insufficient predicate for dismissing the Notice of Disagreement filed by the veteran's representative. Moreover, it ignores the realities of the relationship and the daily contact between representatives of the service organizations, such as the Paralyzed Veterans Association, and the adjudication personnel in the regional offices.

There is no doubt that the decision by the Hearing Officer on December 9, 1988, was an adjudication. The statement dated March 31, 1989, which was submitted by a National Service Officer of the Paralyzed Veterans Association on behalf of the veteran, fulfilled the regulatory definition of an NOD. Since that NOD was filed after November 18, 1988, I believe that this Court has jurisdiction to entertain this ap-

peal. Because I would deny the motion to dismiss, I respectfully dissent.