**Guillermo ORELLANA, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90-134.**

United States Court of Veterans Appeals.

Submitted Feb. 15, 1991.

Decided June 27, 1991.

Guillermo Orellana, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and John D. Lindsay, Jr., were on the pleadings, Washington, D.C., for appellee.

Before KRAMER, MANKIN and IVERS, Associate Judges.

PER CURIAM:

In response to a Court order dated February 26, 1991, the Secretary of Veterans Affairs (Secretary) filed a memorandum of law addressing the issues of whether the Statement of the Case (SOC) was a new adjudication, made pursuant to 38 U.S.C. § 4005(d)(1) (1989) and 38 C.F.R. § 19.-119(a) (1990), whether appellant's March 20, 1989, filing expressed disagreement with this new adjudication, and whether it meets the requirements for a valid Notice of Disagreement (NOD) filed on or after November 18, 1988. *See Whitt v. Derwinski,* 1 Vet.App. 40 (1990) (motion for review *en banc* denied Dec. 6, 1990). The Secretary argues that the "[SOC], issued on January 25, 1989, was not an adjudicative action, new or otherwise, within the meaning of the above cited statute and regulation, as discussed by this Court in *Strott v.*

*Derwinski,* U.S.Vet.App. No. 90–296 [1 Vet.App. 114] (Jan. 10, 1991)." Motion papers at 1.

In *Strott* we stated that "a Statement of the Case is only prepared after an appellant expresses dissatisfaction with an adjudication by the agency of original jurisdiction and that is dissatisfaction not resolved." *Id.* at 118. In this case, the rating decision to which appellant filed his NOD consisted of a standardized form which listed four "generic" reasons for denying a claim. The SOC, prepared after appellant filed his NOD, inarticulately and imprecisely attempted to reiterate and amplify the reasons for the denial of appellant's claim which were checked off on the standardized form. In doing so, it appeared that the Regional Office had readjudicated appellant's claim. However, after careful review, it now appears that the Regional Office was merely attempting to explain why appellant's claim was denied.

Because "there can only be one effective NOD with respect to each adjudicative determination of an agency of original jurisdiction and that must, of necessity, be the first document filed which meets the requirements of [38 C.F.R. § 19.118 (1991)]", *Whitt,* at 45, we find that the letter filed by appellant on November 10, 1988, constituted an NOD with regard to the rating decision issued on July 25, 1988. Because the SOC did not contain a readjudication of appellant's claim, the substantive appeal subsequently filed by appellant cannot be construed as an NOD. Therefore, the Secretary's motion to dismiss is GRANTED.

*It is so Ordered.*