Richard L. **SUDRANSKI**, Appellant,

v.

Edward J. **DERWINSKI**, Secretary of Veterans Affairs, Appellee.

No. 90–451.

United States Court of Veterans Appeals.

Sept. 12, 1991.

Before NEBEKER, Chief Judge, and KRAMER *, FARLEY *, MANKIN, HOLDAWAY *, IVERS and STEINBERG, Associate Judges.

## ORDER

PER CURIAM.

On November 6, 1990, this case was dismissed for lack of jurisdiction by a single judge. On November 16, 1990, appellant filed a motion for review by a three-judge panel of the dismissal, and, on April 10, 1991, said motion was denied. On April 30, 1991, appellant filed a motion for rehearing (reconsideration) by the three-judge panel that denied his motion for review or, in the alternative, a motion for review *en banc.*

Upon consideration of appellant's motion for reconsideration and appellant's alternative motion for review *en banc,* it is by the panel *

ORDERED that appellant's motion for reconsideration is denied. It is by the Court *en banc*

ORDERED that appellant's motion for review *en banc* is denied. It is further

ORDERED that the Clerk withdraw the judgment inadvertently entered on April 10, 1991, and enter judgment in compliance with Rule 35 of this Court's Rules of Practice and Procedure, which became effective on May 1, 1991.

PER CURIAM statement:

We have held that subsequent adjudications along the path to an appeal may give rise supplemental NODs. *Whitt v. Derwinski,* 1 Vet.App. 40 (1990) *reh'g denied* 1 Vet.App. 381 (1990). However, it would be a non sequitur, as well as legal error, for this Court to assume jurisdiction on the basis of a purported NOD which could not have been filed until the BVA review which an NOD was intended to generate already had ended in a final decision.

KRAMER, Associate Judge, concurring in the result:

I agree that this Court should not "assume jurisdiction on the basis of a purported NOD which could not have been filed until the BVA review which an NOD was intended to generate already had ended in a final decision." Nevertheless, I do not believe we can reach this result without creating an exception to the rule announced in *Chadwick v. Derwinski,* 1 Vet.App. 74 (1990), and as summarized in Judge Steinberg's separate opinion.

STEINBERG, Associate Judge, filed the following separate opinion:

The Court's per curiam order and statement rejects, prematurely and in summary fashion, the appellant's contention that the post-BVA-decision receipt by the Regional Office (RO) of his Notice of Disagreement (NOD) is a valid basis for this Court's jurisdiction. I could agree with the result (although not the reasoning underlying it) because of my position that *Whitt v. Derwinski,* 1 Vet.App. 40 (1990), was wrongly decided by the Court since it is a contradiction of the statutory scheme to hold that there can be more than one NOD for each separate claim. (*See* the analysis in my December 21, 1990, dissenting opinion to the Court's December 6, 1990, order deny-

ing rehearing *en banc* in *Whitt.*) Here, Sudranski filed on October 6, 1986, the NOD initiating his appeal to the Board of Veterans' Appeals on his underlying claim.

The Court's statement accurately recites that the Court has "held that subsequent adjudications along the path to an appeal may give rise [to] supplemental NODs", and concludes that "it would be a non sequitur, as well as legal error, for this Court to assume jurisdiction on the basis of a purported NOD which could not have been filed *until the BVA review which an NOD was intended to generate* already had ended in a final decision." (Emphasis added.) These two sentences highlight the folly of *Whitt* in pulling out of statutory context a regulatory definition of an NOD in a way that ignores the function assigned to an NOD by the statute (the initiation of an administrative appeal within the Department of Veterans Affairs) and then woodenly applying that definition.

On the other hand, *Whitt* is the law which the Court purports to be applying and following. Assuming the rectitude of *Whitt,* I cannot agree with the Court's disposition in summary fashion of the NOD issue in this case. First, we do not know what the jurisdictional facts are. Second, assuming that the "purported NOD" was in fact received by the RO within a year of the RO decision appealed to the BVA, the order fails to address the principle applied in *Chadwick v. Derwinski,* 1 Vet.App. 74 (1990) that when a document is filed with the wrong entity but nevertheless is received by the correct entity within the requisite time frame, the document is deemed to be timely filed at the correct entity.

Although the Court's disposition of the appellant's contention may ultimately be justified, the issue is not ripe for decision and, when decided, requires more scrutiny than it has received from the Court in connection with the Court's precedents.