**Laurence SAWYER, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–131.**

United States Court of Veterans Appeals.

Submitted Aug. 28, 1991.

Decided Feb. 24, 1992.

Laurence Sawyer, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, and Andrew J. Mullen, Deputy Asst. Gen. Counsel, and John D. Lindsay, Jr., Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Associate Judges.

IVERS, Associate Judge:

Appellant, Laurence Sawyer, appeals from two Board of Veterans' Appeals (BVA or Board) decisions, one dated July 7, 1988, and the other dated November 17, 1989. For the reasons set forth below, the Court finds that appellant does not have a valid Notice of Disagreement (NOD) in either claim to give this Court jurisdiction over the matter. Therefore, appellant's appeal is dismissed for lack of jurisdiction.

Appellant is attempting to have this Court review two separate Veterans' Administration (now Department of Veterans Affairs) (VA) adjudications. The first deals with a question of whether the VA's assessment of an overpayment was error, and the second deals with whether the VA's decision to deny a waiver of the overpayment was error. Throughout appellant's administrative appeal process, these two issues became intertwined and somewhat convoluted. Therefore, a thorough examination of the record is required in explaining why this Court does not have jurisdiction to hear appellant's claims.

## I. BACKGROUND AND ANALYSIS

Appellant had active military service from October 1942 to March 1943. Some time after service, appellant began receiving a non-service-connected pension from the VA. In August 1979, appellant filed a statement in support of claim requesting payments under the "new, improved pension program." Secretary's preliminary

record, dated August 14, 1991, exhibit 1 (PR No. 3). The VA granted an improved pension program to appellant on September 6, 1979. The award became effective on April 4, 1979. From 1982 through 1984, appellant's wife was employed part-time at the YMCA of Greater Miami. PR No. 3, Exhibit 3. On April 3, 1985, based on his wife's part-time employment, appellant's pension award was adjusted. PR No. 3, Exhibit 4. On April 26, 1985, appellant sent a letter to VA stating that the VA's decision was based on incorrect information. That letter was followed by another letter, dated May 6, 1985, which appears to be an NOD to the April 1985 adjudication. PR No. 3, Exhibit 6.

In response to appellant's submissions, the VA once again adjusted his pension and notified him on September 1, 1985. PR No. 3, Exhibit 7. Then, on September 18, 1985, by an administrative decision, based on the finding that appellant had repeatedly failed to accurately report earned income to the VA, an overpayment was assessed of $8,338.39. PR No. 3, Exhibit 7. Appellant filed an NOD, which he asked to apply to both the April 3, 1985, and September 18, 1985, adjudications. PR No. 3, Exhibit 9.

On April 3, 1987, VA sent a letter to appellant notifying him of the recent adjustment to his pension and of the amount of overpayment. Appellant was instructed that he could file for a waiver. This letter does not appear to be a rating decision because it only informs veteran of his options as a result of a previous adjudication. In response to the VA's April 3, 1987, letter, appellant sent a letter, dated April 20, 1987, which disagreed with the VA letter. Appellant's April 20, 1987, letter can not be an NOD because the adjudication which lead to this notification refers to the September 18, 1985, adjudication. An adjudication in which appellant had already filed an NOD. *See Whitt v. Derwinski*, 1 Vet. App. 40, 45 (1990) (there can be more than one effective NOD involving a particular claim, but there can only be one effective NOD with respect to each adjudicative determination).

On April 12, 1987, the Committee on Waivers and Compromises (Committee) denied waiver of the overpayment because it found that appellant committed fraud. PR No. 3, Exhibit 13. Before appellant received official notice that his waiver request was denied, he received a letter, dated May 26, 1987, from Gerald P. Moore, the Director of Compensation and Pension Services which appeared to have treated appellant's April 20, 1987, letter as an NOD. The letter informed appellant of the Committee's decision and that he would soon receive a statement of the case regarding the decision to create the overpayment in his pension account. PR No. 3, Exhibit 14. The Court notes that as far as jurisdictional grounds are concerned, it does not matter which NOD is considered. Both the April 14, 1985, and the November 25, 1985, NODs, and the April 20, 1987, letter, even if construed as an NOD, which all addressed the overpayment claim, were all prior to November 18, 1988.

Appellant received official notice of the April 12, 1987, Committee decision in a letter, dated June 3, 1987. PR No. 3, Exhibit 15. On June 13, 1987, appellant filed an NOD to the Committee's April 12, 1987, adjudication regarding denial of waiver. PR No. 3, Exhibit 16. On October 5, 1987, appellant was informed by Beatrice L. Rue, Chairperson of the Committee on Waivers and Compromises that he had two issues pending; his disagreement as to the creation of the overpayment in his account and the issue of waiver for that overpayment. PR No. 3, Exhibit 18.

A statement of the Case regarding the issue of overpayment but not the issue of waiver was sent to appellant on October 8, 1987. The decision of overpayment was affirmed by the BVA on July 7, 1988. The Board found that an overpayment was created because appellant's spouse's earnings were countable income. However, the Board remanded the claim back to the agency of original jurisdiction on the issue of waiver of the overpayment. PR No. 3, Exhibit 20.

On July 18, 1988, appellant was informed of another adjustment to his pension bene-

fits. PR No. 3, Exhibit 21. A Statement of the Case, dated August 4, 1988, regarding the issue of waiver was sent to appellant on September 29, 1988. Secretary's preliminary record, dated May 31, 1990, Exhibit 5. Between the time appellant received the Statement of the Case concerning the waiver issue and the time the issue was decided by the Board on November 17, 1989, there were no more VA adjudications. The applicable NOD for the November 17, 1989, BVA decision was filed in June 1987.

## II. CONCLUSION

 The record shows that appellant does not have an NOD filed on or after November 18, 1988. The Court's jurisdiction derives exclusively from a statutory grant of authority provided by Congress, and this Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *Skinner v. Derwinski,* 1 Vet.App. 2 (1990). Both of appellant's NODs were filed prior to November 18, 1988; and because pursuant to Pub.L. No. 100–687, § 402, the Court does not have jurisdiction unless an appellant has filed a jurisdictionally valid NOD on or after November 18, 1988. Therefore, appellant's appeal is dismissed for lack of jurisdiction.