979 F.2d 215
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ivy Lee WHITT, Claimant-Appellee,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellant.
 No. 92-7017.
 United States Court of Appeals, Federal Circuit.
 July 31, 1992.
 
 Vet.App., 1 Vet.App. 40.
 VACATED AND REMANDED.
 ON MOTION
 CLEVENGER, Circuit Judge.
 
 ORDER
 
 1
 Edward J. Derwinski, Secretary of Veterans Affairs moves to vacate the Court of Veterans Appeals decision in Whitt v. Derwinski, No. 89-16 and to remand to the Court of Veterans Appeals with instructions to dismiss Whitt's appeal.[1] Ivy Lee Whitt has not filed a response.
 
 
 2
 The Secretary argues that this court's ruling in Strott v. Derwinski, No. 91-7047 (Fed.Cir. May 13, 1992) is dispositive of Whitt's appeal. Strott concerned the issue of whether a letter sent after a regional office conducted a hearing in an appellate capacity constituted a valid Notice of Disagreement. The court stated that "any written disagreement with that decision is not a valid NOD, 38 U.S.C. § 7105 and 38 C.F.R. § 19.118, and therefore cannot function as the statutory basis for Veterans Court Jurisdiction." Strott, slip op. at 8. Significantly, the court stated that "to the extent that Whitt v. Derwinski suggests otherwise, 1990 U.S. Vet.App. LEXIS 17 at *20, it is overruled." Id.
 
 
 3
 Whitt's appeal raises the same issue that this court addressed in Strott. The Secretary points to the court's statement in Strott as support for its motion to vacate. Further, we note that Whitt does not oppose the motion to vacate. On these bases, it is proper to grant the Secretary's motion.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Secretary's motion to vacate is granted.[2]
 
 
 6
 (2) This appeal is remanded to the Court of Veterans Appeals with instructions to dismiss Whitt's appeal.
 
 
 
 [1]
 The Secretary labels his motion as a motion for "summary reversal." However, the Secretary specifically requests vacation of the Whitt decision, as well as remand with instructions to dismiss
 
 
 [2]
 In Whitt v. Derwinski, 1 Vet.App. 40 (1990), the Court of Veterans Appeals joined appeals nos. 89-16, 89-151, 90-38, and 90-122 for purposes of issuing its decision because each appeal dealt with the same issue. However, each case was discussed separately in the Court of Veterans Appeals decision. Our disposition impacts only on that portion of the Court of Veterans Appeals' decision addressing Whitt's appeal