

William G. Smith, Los Angeles, CA, was on the brief, for appellant.

Robert E. Coy, Acting Gen. Counsel, Norman G. Cooper, Acting Asst. Gen. Counsel, and David W. Engel, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and HOLDAWAY, Judges.

NEBEKER, Chief Judge:

The Secretary moves to vacate this Court's final memorandum decision remanding Mr. Breslow's (veteran) case to the Board of Veterans' Appeals (BVA or Board) (judgment issued on April 30, 1992). The Secretary had sought the remand, thereby confessing error in the Board's decision. He now argues that, because the veteran's Notice of Disagreement (NOD) was untimely, according to subsequent binding decisions, the Court did not have jurisdiction to decide the case and, therefore, the judgment is void. The veteran opposes this motion. We hold the final judgment in this case, decided consistent

---

**Michael S. BRESLOW, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–1141.**

United States Court of Veterans Appeals.

Oct. 29, 1993.

with the jurisdictional holding in *Whitt v. Derwinski*, 1 Vet.App. 40 (1990), later overruled, cannot be collaterally attacked as void.

## I.

This Court has jurisdiction over any case in which an NOD was filed on or after November 18, 1988. *See* Veterans' Judicial Review Act of 1988, Pub.L. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C.A. § 7251 note (West 1991)). When the Court first addressed this case, the Court's jurisprudence dictated that multiple NODs could be filed with respect to a claim and that an NOD which met the Department of Veterans Affairs regulatory requirement of 38 C.F.R. § 19.118 (1991) (replaced by 38 C.F.R. § 20.201 (1992)) would confer jurisdiction on this Court. *See Whitt, supra.* Because the NODs filed by the veteran on both issues were timely under *Whitt*, the Court considered his case and entered judgment on April 30, 1992. In *Strott v. Derwinski*, 964 F.2d 1124 (Fed. Cir.1992), however, the United States Court of Appeals for the Federal Circuit (Federal Circuit) limited the *Whitt* decision and, subsequently, in *Hamilton v. Brown*, 4 Vet. App. 528 (1993), this Court en banc overruled *Whitt*, holding that "[t]here can only be one valid NOD as to a particular claim, extending to all subsequent RO [regional office] and BVA adjudications on the same claim until a *final* RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant." *Hamilton*, 4 Vet.App. at 538.

The Secretary, more than a year after the Court's decision in this case, now launches a collateral attack against that decision, arguing that the Court lacked jurisdiction and the decision is therefore void ab initio and must be vacated. The Secretary has, without consideration of the discipline of appellate practice, charged headlong into an after-the-fact collateral attack on a judgment entered by his own earlier request. Counsel ought to have recognized that with judgment and mandate having issued, the case was no longer pending in this Court. Accordingly, for the Court to entertain the motion, counsel should have filed a motion for leave to file a motion to recall the mandate and modify judgment. For our purposes, we construe his motion as a motion for leave to file. The veteran filed an opposition, arguing, inter alia, that (1) a jurisdiction-conferring NOD under *Hamilton* was filed as to one of the issues on appeal and (2) although a timely NOD was not filed as to the other issue, the judgment is final and the Secretary's motion is untimely.

## II.

We note at the outset that only one of the claims on remand is potentially affected by *Hamilton*. The original *Breslow v. Derwinski*, 2 Vet.App. 396, decision embraced two Board decisions, both dated on February 14, 1991. One addressed the issue of an increased rating for the veteran's psychiatric disorder, the other addressed entitlement to a permanent and total disability rating for pension purposes. The parties agree that the veteran did not have a valid NOD as to the denial of a permanent and total disability rating for pension purposes. As to the increased rating claim, however, the Secretary asserts that the NOD was not timely. We disagree. The RO granted service connection for the veteran's psychiatric disorder on November 10, 1988, rating the condition as 10% disabling, R. at 198; since the veteran filed an NOD to that decision, challenging the assigned rating, on November 25, 1988, R. at 203, the NOD is valid under *Hamilton*.

The Secretary argues, citing *Burnham v. Superior Court of California*, 495 U.S. 604, 607–08, 110 S.Ct. 2105, 2109, 109 L.Ed.2d 631 (1990), that since this Court never acquired subject matter jurisdiction over the veteran's case, the judgment is void and that such a void judgment can be collaterally attacked in any proceeding where the validity of the judgment is in issue. *See Fay v. Noia*, 372 U.S. 391, 408–09, 83 S.Ct. 822, 832, 9 L.Ed.2d 837 (1963). We note first of all that *Burnham* involves in personam jurisdiction, not subject matter jurisdiction where the notion of a voidable judgment is recognized. Thus, while the

principle articulated in *Burnham* that a void judgment may be collaterally attacked may be unassailable, we do not find it applicable here.

This Court has jurisdiction to determine its jurisdiction. It has the "power to interpret the language of the jurisdictional instrument and its application to an issue by the court." *Stoll v. Gottlieb*, 305 U.S. 165, 171, 59 S.Ct. 134, 137, 83 L.Ed. 104 (1938); *see In re Martinez*, 721 F.2d 262, 264 (9th Cir.1983). By statute, this Court has jurisdiction over any case in which an NOD was filed on or after November 18, 1988, and the other statutory requirements for jurisdiction (not at issue here) are present. *See* 38 U.S.C.A. § 7251 (West 1991). The *Whitt* decision, valid at the time the Court remanded the veteran's case, interpreted this statute to include multiple NODs. The Court reasoned that since the applicable regulation defined an NOD as "expressing disagreement with *an* adjudicative determination," any adjudicative determination, not only the original adjudication, could give rise to a jurisdiction-conferring NOD. *Whitt*, 1 Vet.App. at 42. Although *Whitt* was subsequently called into question by the Federal Circuit's decision in *Strott* and was overturned by the *Hamilton* decision, it does not necessarily follow that the Court lacked jurisdiction over cases decided before *Whitt* was overturned.

In *Hooks v. Hooks*, 771 F.2d 935 (6th Cir.1985), the United States Court of Appeals for the Sixth Circuit discussed the difference between void judgments and voidable judgments:

A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, from its inception, was a complete nullity and without legal effect. In the interest of finality, the concept of void judgments is narrowly construed. While absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction. A court has the power to determine its own jurisdiction, and an error in that determination will not render the judgment void. Only in the rare instance of a clear usurpation of power will a judgment be rendered void.

*Hooks*, 771 F.2d at 949 (citing *Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645, 649 (1st Cir.1972)); *see Jones v. Giles*, 741 F.2d 245, 248 (9th Cir. 1984) ("An error in interpreting a statutory grant of jurisdiction is not ... equivalent to acting with total want of jurisdiction and does not render the judgment a complete nullity"). Although the Secretary cited *Hooks* in his motion, he cited it for the proposition that void judgments can be collaterally attacked. It is this crucial distinction between void and voidable judgments that the Secretary failed to consider in this case.

The course the *Whitt* decision took leaves us in this case, at the time of the final decision, with an error in interpretation and not a total want of jurisdiction. *See Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 826 (8th Cir.1980) ("when the challenge is to an erroneous interpretation of a statutory grant of jurisdiction and the judgment is not appealed, thus becoming final, the policy favoring certainty in judicial resolution of controversies prevails."); *see also Hamilton*, 4 Vet.App. at 540 (Court announces its "strong disinclination" to apply the single NOD rule retroactively, absent extraordinarily good cause to do so). Accordingly, the earlier final judgment in this case sprang from an exercise of jurisdiction that now appears to be an after-the-fact error and not from action in a case where jurisdiction was completely lacking.

The implicit motion for leave to file is **DENIED,** and the judgment of April 30, 1992, remains.