Ivy Lee **WHITT** and Brian S. **Williams, Appellants,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

Nos. 89–16, 89–151.

United States Court of Veterans Appeals.

Dec. 21, 1990.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, MANKIN, HOLDAWAY, IVERS and STEINBERG, Associate Judges.

Associate Judges KRAMER and STEINBERG reserve the right to file separate opinions at a later date.

The foregoing Order was amended, as follows, on December 7, 1990:

It is ORDERED, *sua sponte*, that the Court's order dated December 6, 1990, is amended to reflect that Associate Judge Steinberg voted to grant the motion for en banc review.

STEINBERG, *Associate Judge,* filed the following separate opinion on December 21, 1990:

STEINBERG, *Associate Judge,* dissenting:

I disagree with the majority's decision to deny the Secretary's motion for review *en banc* in *Whitt v. Derwinski,* and *Williams v. Derwinski,* 1 Vet.App. 40 (1990). I believe that *Whitt* was wrongly decided and that *Williams* may have been.

I also believe that *en banc* review is necessary here because the Court's decision depends on an unfortunate method of statutory construction, which may be cited here or elsewhere as precedent. I refer to the Court's dispositive reliance on a definition (not even a statutory one) to determine the operative effect of statutorily-contemplated action (here the filing of a notice of disagreement) with inadequate regard for the statutory purpose established for the definition or, for that matter, the entire statutory scheme or its underlying purpose.

### SUMMARY

The holding that this Court has jurisdiction over the appeal in *Whitt* is not consonant with the statutory scheme, or Congress' intent in enacting it, in the Veterans' Judicial Review Act, Pub.L. 100–687, 102 Stat. 4105 (1988) (VJRA). Section 402 of the VJRA provides that judicial review "shall apply with respect to any case in which a notice of disagreement [with the VA regional office determination] is filed *under section 4005* of title 38, United States Code, [with that office] on or after ... [November 18, 1988]." VJRA, § 402, 102 Stat. at 4122 (emphasis added). In making the filing of a section 4005 notice of disagreement (NOD) after November 17, 1988, an essential event in order to vest this Court with jurisdiction over an appeal from a Board of Veterans' Appeals (BVA) decision, Congress chose an action by a claimant that was a prerequisite to obtaining review of the case by the BVA—that is, a meaningful, necessary action by the claimant.

*Whitt,* however, holds that an entirely superfluous January 5, 1989, document filed by the appellant was adequate to provide this Court with jurisdiction over the appeal. That disagreement document served no procedural purpose whatsoever that I can divine. It was surely not a prerequisite to obtaining BVA's review. The appellant's appeal to the BVA would have gone forward, without the filing of that document, based on the NOD filed on August 26, 1988.

Regarding the decision in *Williams,* I believe the issues involved need further consideration before deciding whether the February 17, 1989, disagreement document filed by the appellant provided this Court with jurisdiction over his appeal. In my view, this Court's jurisdiction in *Williams* turns in large part on whether the appellant's appeal to the BVA would under the law and valid regulations have gone forward, after his rating was increased to 50 percent by the Regional Office, without the filing of the February 17, 1989, or any subsequent, document disagreeing with the 50–percent rating. If it would have, then *Williams* was wrongly decided. If there is a valid statutory and regulatory basis for determining that the appeal would have been abandoned under that circumstance, then I believe *Williams* was correctly decided.

## DISCUSSION

### The *Whitt* Case

On August 19, 1988, appellant Whitt received notification from the Regional Office that his reopened claim for a total disability rating for pension purposes had been denied. On August 26, 1988, the appellant submitted a VA Form 21–4138 stating: "I disagree with the decision of the VA letter of August 19, 1988. Please send me a 'Statement of the Case' and I request a personal hearing". Preliminary Record at Exhibit 1. A Statement of the Case was issued by the Regional Office on September 26, 1988. The personal hearing requested by the appellant was conducted by a single hearing officer on October 21, 1988. On that same date the appellant filed his "substantive appeal" on a VA "Appeal to the Board of Veterans Appeals" form. On January 3, 1989, the appellant received notification from the hearing officer that "the evidence of record including the testimony presented at the hearing does not warrant a change in our previous determination.... Since there has been no change in our previous determination your case is being forwarded to the BVA for review." *Id.* at Exhibit 6. On January 5, 1989, the appellant submitted another VA Form 21–4138, expressing dissatisfaction with the continued denial. The BVA denied the claim in a decision issued on June 15, 1989, and the appellant filed a timely Notice of Appeal (NOA) with the Court.

The Secretary filed a motion here to dismiss for lack of jurisdiction, contending that because the NOD in the case was filed prior to November 18, 1988, the Court lacked jurisdiction over the appeal. The Court, holding that "the definition of an NOD, at 38 C.F.R. § 19.118 (1989) (Regulation), is dispositive of whether we have jurisdiction", found that the appellant's January 5, 1989, disagreement document filed with the Regional Office met all the requirements set out in that regulatory definition, and, therefore, concluded that a valid post-November 17, 1988, NOD, providing this Court with jurisdiction, had been filed. *Whitt,* 1 Vet.App. at 41, 43.

The Court stated that nothing in the language of the Regulation "suggests that the only NOD that can be filed is in response to the first agency of original jurisdiction adjudication on a particular claim. The only limitation involves the necessity to file the NOD in response to 'an adjudicative determination' made by the Regional VA activity." *Id.* at 42. The Court concluded that "the primary purpose of the Hearing Officer was to adjudicate the appellant's claim and his decision to continue the denial of benefits was an adjudicative determination within the meaning of the Regulation." *Id.* at 43.

What the Court has done here is to apply a definition to determine the operative effect of an action without regard to the purpose for which the definition was established. Definitions in statutes are not themselves operative provisions of law. *See Sutherland Stat. Const.* § 27.02, at 459 (4th ed. 1985) ("courts are not bound to follow a statutory definition where obvious incongruities in the statute would thereby be created, or where one of the major purposes of the legislation would be defeated or destroyed"). A statutory (or, as here, regulatory but arguably ratified by Congress) definition is no more than an appositional phrase to be inserted, for interpretive purposes, after the defined term in the operative statutory provisions.

Here the operative statutory provisions occur in the 38 U.S.C. § 4005 (1988) language quoted below. The purpose of the NOD, to which VJRA section 402 refers as one "filed under section 4005", is to "initiate" BVA "appellate review" (38 U.S.C. § 4005(a) (1988)) by letting the Department of Veterans Affairs (VA) know of the intent to appeal within one year from the date of VA's "mailing of notice of the result of initial review or determination [by the VA regional office]." 38 U.S.C. § 4005(b) (1988). Thus, the NOD is to obtaining BVA review what an NOA under 38 U.S.C. § 4066 (1988) is to obtaining review in this Court if filed "within 120 days after the date on which notice of the decision is mailed [by the BVA]." Just as there generally is no need to file more than one NOA

to obtain review here, so there generally is no need to file more than one NOD to obtain BVA review. Although the particular facts of a case, and *Williams may* be such a case, might call for an exception to the general rule, I find nothing exceptional about the facts in *Whitt.*

In using as a jurisdictional prerequisite to taking an appeal here the filing of the NOD after a date certain, Congress chose an action which claimants are required to take within a one-year period in order to obtain appellate review by the BVA. 38 U.S.C. § 4005(b) (1988).

The process for appealing to the BVA set out in 38 U.S.C. § 4005 (1988) is as follows: subsection (a) provides that "appellate review [to the BVA] will be initiated by a notice of disagreement and completed by a substantive appeal [both filed by the claimant] after a statement of the case is furnished [by a VA regional office] as prescribed in this section."

Subsection (b) provides that the "notice of disagreement shall be filed within one year from the date of [VA's] mailing of notice of the result of initial review or determination [at the VA regional office]."

Subsection (c) provides that generally "if no notice of disagreement is filed in accordance with this chapter within the prescribed period, the action or determination shall become final".

Subsection (d)(1) provides that "where the claimant ... files a notice of disagreement with the decision of the agency of original jurisdiction [the VA regional office], such agency will take such development or review action as it deems proper under the provisions of regulations not inconsistent with this title [38]. If such action does not resolve the disagreement either by granting the benefit sought or through withdrawal of the notice of disagreement, such agency shall prepare a statement of the case."

Subsection (d)(3) provides that "the claimant will be afforded a period of sixty days from the date the statement of the case is mailed to file the formal appeal."

In its opinion, the *Whitt* panel stated:

When Congress passed the [VJRA], it made no change affecting the Regulation [defining an NOD] which had been in effect since 1963 and of which it must have been aware, given the relationship between 38 U.S.C. § 4005 and the Regulation. More importantly, Congress specifically provided the Court with jurisdiction based on the filing date of an NOD, thus taking the affirmative step necessary to ratify the definition of an NOD contained in the Regulation.

*Whitt,* 1 Vet.App. at 43.

This analysis is fine as far as it goes. But it fails to go far enough. For, just as Congress "ratified" the regulatory definition of an NOD, so, too, did Congress, in enacting VJRA section 402 with a specific reference to section 4005 while at the same time amending parts of section 4005 in the same statute, make very clear that the NOD referred to was one filed for the *purpose* (contemporaneously unchanged by Congress) specified in section 4005. There is absolutely no indication in the VJRA or its legislative history that the NOD referred to in section 402 could be a document with the sole function of conferring appellate jurisdiction on this Court. Under section 4005, the only purpose of the NOD is to "initiate" an appeal to the BVA. As far as I can tell, the document Mr. Whitt filed in January, subsequent to the notice from the hearing officer, served no purpose in "initiating" or obtaining BVA appellate review.

Section 4005(a) provides that "each appellant will be accorded hearing and representation rights pursuant to the provisions of this chapter and regulations of the [Secretary]." 38 U.S.C. § 4005(a) (1988). VA regulations provide that "a hearing on appeal shall be granted if an appellant or a representative expresses a desire to appear in person." 38 C.F.R. § 19.157(a) (1989). Whitt, as part of his appeal, requested a personal hearing and was entitled to such a hearing under the applicable law and regulation as part of the appellate review initiated by his August NOD. Whether or not the decision of the hearing officer was (as the Court concluded in *Whitt,* 1 Vet.App. at

43 a separate adjudication, Whitt had already initiated his appeal from the August 19, 1988, determination of the Regional Office by filing his August 26 NOD. (The hearing officer certainly recognized this when he advised Whitt in the January 3, 1989, letter that his case was "being forwarded to the BVA for review." Preliminary Record at Exhibit 6.) I can find no requirement—and the panel decision does not cite one—that the appellant in order to continue his appeal had to file another NOD following the hearing. Consequently, unless the Regional Office had granted him the pension benefits he sought,[1] his appeal would have gone forward to the BVA regardless, just as the Regional Office had already advised him, because the BVA appeals process had already been initiated by his August 1988 NOD.

### The *Williams* Case

On February 19, 1987, appellant Williams was awarded a 10–percent disability rating by the Regional Office. On March 23, 1987, the appellant notified the Regional Office by a letter titled *"NOTICE OF DISAGREEMENT"* that he "wish[ed] to appeal the decision ... regarding Compensation for Service connected 'Post–Traumatic Stress Disorder'." Appellee's Motion to Dismiss, to Stay Further Proceedings, and to Set Aside the Court's Previous Order to Designate the Record on Appeal at Exhibit 2. A Statement of the Case, which section 4005(d)(1) provides is to follow an NOD, was issued by the Regional Office on June 8, 1987. On February 10, 1988, the appellant filed a VA Form 21–4138 and a "Brief in Support of Appeal for Rating Increase" (this document appears to be his "substantive appeal" under section 4005(d)(3)), contending that "the veteran has a severe impairment of his ability to maintain effective or favorable relationships and has a pronounced impairment in his ability to obtain or retain employment. Therefore, he should be awarded a 70% rating." *Id.* at Exhibits 4, 5.

After reviewing a VA psychiatric examination diagnosis of the appellant, the Regional Office increased the 10–percent rating to 50 percent. This October 3, 1988, rating decision stated: "this [50–percent rating] is considered a substantial grant of benefits sought on appeal." *Id.* at Exhibit 6. VA notified the appellant of the increased rating in a letter dated November 1, 1988. That letter provided in part:

Please let us know whether this decision satisfies the purpose of your notice of disagreement or whether you wish to continue with your appeal. In the absence of a reply within 30 days, *it will be assumed* that this allowance meets your contentions, and your notice of disagreement *will be considered withdrawn.* Such withdrawal would be subject to your right to reactivate the appeal any time during the remainder of the appeal period.

*Id.* at Exhibit 7 (emphasis added). On February 17, 1989, well after the 30–day deadline the VA had imposed, the appellant filed another VA Form 21–4138 and an updated "Brief in Support of Appeal for Rating Increase" advising VA that he "wish[ed] to continue with his appeal as he [felt] a rating of 70% more adequately represent[ed] the degree of his disability." *Id.* at Exhibits 8, 9. The Regional Office issued a Supplemental Statement of the Case on April 14, 1989. *See* 38 C.F.R. § 19.122 (1989). On September 5, 1989, the BVA issued a decision denying an increase of the 50–percent rating. The appellant filed a timely NOA here, and the Secretary moved to dismiss for lack of jurisdiction, contending that the NOD was filed prior to November 18, 1988.

The Court, applying the same analysis it had applied in *Whitt*, held that the Regional Office determination increasing the rating from 10 percent to 50 percent "constituted an adjudicative determination" under 38 C.F.R. § 19.118 (1989). *Williams*, 1 Vet.App. at 44. (It is difficult to quarrel with that characterization of the Regional Office's action.) Therefore, the Court con-

---

**1.** Whitt sought VA non-service-connected pension benefits based on total disability and low income; he either was or was not entitled to VA pension. Unlike the benefits Williams was seeking, Whitt could not have received a partial award of VA pension benefits.

cluded that the February 17, 1989, filing was a valid NOD, expressing dissatisfaction with the 50–percent rating, and provided this Court with jurisdiction. *Id.* at 44.

It is important to note that the Court's holding in *Williams* is totally consistent with VA's own advice to Mr. Williams in its November 1, 1988, letter to him. Under VA's interpretation of its procedure (as articulated in that letter), the March 23, 1987, NOD had been constructively "withdrawn" on December 1, 1988, because more than 30 days had passed; and the February 17, 1989, document must have been a new NOD, as contemplated by the language in the November 1 letter that "such withdrawal would be subject to your right to reactivate the appeal any time during the remainder of the appeal period." [2] Appellee's Motion to Dismiss at Exhibit 7. The only way to "reactivate the appeal" under section 4005 would be by filing an NOD.

In my view, the fundamental issue that must be resolved in order to determine whether the appellant's February 17, 1989, disagreement · document provided this Court with jurisdiction is whether the February 1989 disagreement was *necessary* in order to continue the appeals process. If the appeal would have gone forward without any further action by the appellant, i.e., without the February 17, 1989, or some other subsequent, filing, then the February 17, 1989, filing was *not* a necessary action and, under the analysis set forth earlier in this opinion regarding *Whitt*, did not provide this Court with jurisdiction over the appeal.

If, on the other hand, appellate review would not have gone forward unless the appellant expressed dissatisfaction with the 50–percent rating, then the February 17,

1989, filing *was* a necessary action, the type of action contemplated by Congress in enacting VJRA section 402, and provided this Court with jurisdiction over the appeal.

The answers to these questions turn on whether VA's description in its November 1 letter of the appellate procedure applicable to Williams was correct as a matter of law and valid regulation, or, alternatively, if not, whether VA may now disavow its earlier advice.

The ultimatum with which VA confronted Mr. Williams in the November 1 letter— 'if you don't tell us within 30 days that you wish to continue your appeal, it will be withdrawn'—does not seem to be one authorized either by the statute or the applicable regulation. Section 4005(d)(1), quoted above, specifically refers to "withdrawal of the notice of disagreement". 38 U.S.C. § 4005(d)(1) (1988). The statute does not explicitly limit withdrawal to the claimant, but that appears to be the plain import.

Indeed, VA has so interpreted the statute in the applicable regulation, which provides:

> Withdrawal may be by the appellant or the authorized representative except that a representative may not withdraw either a notice of disagreement or substantive appeal filed by the appellant personally. The agency of original jurisdiction may not withdraw a notice of disagreement or a substantive appeal after the filing of either or both.

38 C.F.R. § 19.125 (1989).

Thus, we have the Regional Office in its November 1 letter advising the appellant of a procedure to be followed in his claim that seems to be contrary to law and regulation.[3] The Secretary seems to have con-

---

**2.** Under this analysis, the one-year "appeal period" would have begun to run on the date of VA's mailing to the appellant of the November 1, 1988, letter. *See* 38 U.S.C. § 4005(b) (1988); 38 C.F.R. § 19.129 (1989).

**3.** This is not to say that VA may not properly seek clarification from a claimant in this kind of situation as to whether a partial award (Mr. Williams sought a 70–percent rating and received a 50–percent rating) is satisfactory and the claimant wishes to abandon the appeal to the BVA. It is the ultimatum—that silence

means withdrawal of the NOD—which appears to be unlawful. So, although VA may properly *ask* for clarification from a claimant, it seems doubtful to me that it may lawfully penalize the claimant for not providing it.

Even though here the claimant had already acted in such a way—by specifically seeking a 70–percent rating—as to put VA on notice that a 50–percent rating would *not* be satisfactory, it may be the correct operative assumption that any claimant seeking service connection is, un-

ceded as much by stating, in the Memorandum in Support of Appellee's Motion for Review En Banc and to Stay Further Proceedings at 3, the following:

> An appeal continues until concluded by a BVA decision or until withdrawn, in writing, by the appellant. 38 C.F.R. § 19.-125. Accordingly, for VA to accept an NOD without written withdrawal of an already pending one on the same issue would be an *ultra vires* act.

(Emphasis in original.)

The subset of issues presented here is fascinating:

> Does VA have statutory authority and, if so, valid regulatory authority to require a claimant, in order to initiate a BVA appeal under section 4005—that is, as a jurisdictional prerequisite to BVA review—to file a second NOD following an award of part of the claimed benefit (Williams had sought a 70–percent rating and received a 50–percent rating)?

> If not, can VA deny that a document is an NOD which it had told the claimant quite explicitly would be an NOD, when its advice was contrary to law and regulation? That is, is VA here equitably estopped from claiming that the February 17, 1989, disagreement document is not an NOD when, according to its November 1, 1988, advice to him, his March 23, 1987, NOD was "constructively" withdrawn?

I do not attempt to resolve definitively the questions presented here, but merely point out that I believe those issues need to be resolved before a determination regarding our jurisdiction may properly be reached in *Williams.*

### Response to Judge Kramer's Separate Opinion

In his response to this dissenting opinion, Judge Kramer makes three arguments which I will answer briefly.

Judge Kramer first suggests that section 4005 does not expressly state that an NOD may *"only* be used to initiate [BVA] appellate review." That's true enough; if it did, this case would long since have been re-

solved. In the absence of such crystal clarity, the question is: What is the meaning of the words "filed under section 4005" in VJRA section 402? The panel opinion has created an extra-statutory NOD, which is inconsistent with the full statutory context and the underlying statutory purpose.

Judge Kramer next points to language in section 4005(b)(2) that he reads as showing "that Congress contemplated the possibility of more than one NOD within the context of a single claim." Separate opn., *infra,* p. 102. But, as Judge Kramer recognizes later in his opinion, I do not contend that a second NOD may *never* be necessary as to a particular claim. *See infra* p. 102. Hence, if it is the case that Congress contemplated more than one NOD "within the context of a single claim" (Separate opn., *infra,* p. 102), that does not detract from my analysis or conclusion.

Finally, Judge Kramer asserts that "[p]erhaps the most compelling argument against ... [my dissenting] view ... arises from the November 1, 1988, letter" from VA to Williams (*id.*) presenting him with the dubious ultimatum that I discuss at length above, *see supra* pp. 99–100. Judge Kramer views this letter as making "clear that VA practice in certain circumstances requires the filing of an NOD for a purpose other than initiation of an appeal." Separate opn., *infra* p. 102. Although VA never explicitly told Williams that what he needed to file if 30 days elapsed was a second *NOD,* I certainly agree that the VA letter so implied. And that is exactly my point. VA could require a second NOD in order to *re-*initiate the appeal only if VA could lawfully withdraw the initial NOD, thereby having *de-*initiated the appeal that that NOD had initiated. Hence, the "VA practice" to which Judge Kramer points, assuming for the moment that it is a lawful one (which I seriously question, *see* my discussion *supra* pp. 99–100 and especially note 3), makes exactly the opposite point he seeks to use it for.

Judge Kramer is absolutely correct about one thing: "the very premise upon which [my] dissent rests ... [is] that the

less he or she specifies to the contrary, always     seeking a 100–percent rating.

only purpose of the NOD is to initiate an appeal to the BVA." Separate opn., *infra*, p. 102. His attempt to find another purpose for what he considers a subsequent NOD in *Williams* points up the failure to explain, in either the panel decision or the separate opinion, how the superfluous document filed in *Whitt* can be an NOD "filed under section 4005", as VJRA section 402 requires in order to vest jurisdiction here.

## CONCLUSION

Under the Court's analysis, whether or not an appellant can have his case heard by this Court could depend on whether the appellant *happened* to file a totally superfluous document—one that he was not required to file and one which served no purpose in obtaining appellate review by the BVA. Congress in choosing the post-November 17, 1988, filing of the NOD "under section 4005" as an event necessary to provide this Court with jurisdiction selected an action it regarded as *legally necessary* to obtain appellate review by the BVA. Subsections (a) and (c) which Congress (in the VJRA) left undisturbed in section 4005 (while amending subsection (d)) make filing an NOD a prerequisite to obtaining BVA review. If one is not filed within the one-year period, the VA regional office determination is generally final and not directly appealable to the BVA. *See* 38 U.S.C. § 4005(c) (1988).

What the Court has done here is to establish another kind of NOD—one not "under section 4005" as VJRA section 402 requires, but one the sole function of which is to secure judicial review. This might be a sound public-policy result, but it plainly is not the one Congress chose in enacting the VJRA.

In *Whitt*, the disagreement filed by the appellant on January 5, 1989, surely was not a prerequisite to obtaining review by the BVA, and, therefore, should not be interpreted as an NOD providing this Court with jurisdiction. To demonstrate the truth of this first statement—that the second NOD was not a prerequisite to obtaining BVA review—one need only imagine how solicitous this Court would be toward Mr. Whitt if a year had passed from the hearing officer's affirmance without Whitt filing any document and the BVA had then denied him a review. Undoubtedly, this Court would find that the initial NOD had initiated the appeal (since, on the panel's own analysis, the August 26, 1988, NOD was also clearly an NOD which met the terms of the Regulation), just as the hearing officer had suggested to Whitt, and would thus order the BVA to consider the case.

In *Williams*, it is unclear whether the filing of the February 17, 1989, disagreement document was a step lawfully required to continue BVA appellate review—as VA itself told Williams it was. Further consideration should be undertaken before a determination is made whether this Court has jurisdiction over that appeal.

Finally, nothing in this opinion should be understood as contending that there can be only one NOD filed in a case under section 4005. There may be cases where BVA appellate review can lawfully be said to be precluded unless a subsequent NOD is filed. Perhaps *Williams* is such a case. If, after BVA appellate review has been initiated by the filing of an NOD, the issue involved in the claim truly changes such that BVA appellate review of that issue could not lawfully go forward without the filing of another NOD, then more than one NOD would be necessary in such a case and the required later NOD would vest jurisdiction here if filed after November 17, 1988.

For the above reasons, I respectfully dissent from the Court's denial of review *en banc* in the *Whitt* and *Williams* cases.

KRAMER, *Associate Judge*, filed the following separate opinion on December 21, 1990:

KRAMER, Associate Judge:

Having joined in the Court's decision to deny the Secretary's motion for review *en banc* in *Whitt v. Derwinski*, and *Williams v. Derwinski*, 1 Vet.App. 40 (1990), this opinion is written separately in order to respond briefly to the dissenting opinion filed by Associate Judge Steinberg.

The gravamen of Judge Steinberg's dissent is that the "only purpose" of a Notice of Disagreement (NOD) is to 'initiate' an appeal to the [Board of Veterans' Appeals]," (BVA), Dissenting opinion at 97, and that unless it does so, it cannot be a valid NOD for this Court's jurisdictional purposes. This analysis appears flawed.

First, while 38 U.S.C. § 4005 (1988) does provide that appellate review is to be initiated by an NOD, 38 U.S.C. § 4005(a), nothing in § 4005 states that an NOD can *only* be used to initiate appellate review. Section 4005 does not define an NOD or in any way seek to otherwise limit its utilization. It does, however, contain a provision that

> "[n]otices of disagreement and appeals must be in writing and may be filed by the *claimant* [or an authorized agent for the claimant]. Not more than one [agent] will be recognized at any one time in the prosecution of *a claim*."

38 U.S.C. § 4005(b)(2) (1988) (emphasis added). The word "notices" is plural yet the words "claimant" and "claim" are singular. The most reasonable construction of this provision is that Congress contemplated the possibility of more than one NOD within the context of a single claim. It is this construction which the Veterans Administration (now the Department of Veterans Affairs) (VA) regulation defining an NOD follows and which is the basis of the Court's decision in *Whitt*. *See* 38 C.F.R. § 19.118 (1989) (An NOD is a "written communication from a claimant or the representative expressing dissatisfaction or disagreement with an adjudicative determination by the agency of original jurisdiction.") Thus, it is the import of both the statute, and the VA regulation derived from it, that an NOD can be filed for a purpose other than the initiation of an appeal.

Second, the November 1, 1988 letter from the VA to the appellant Williams advising him that his 10% disability rating had been increased to 50% (Williams had originally requested a 70% disability rating) stated in part:

> Please let us know whether this decision satisfies the purpose of your notice of disagreement or whether you wish to continue with your appeal. In the absence of a reply within 30 days, it will be assumed that this allowance meets your contentions, and your notice of disagreement will be considered withdrawn.

Prelim. R. at Exhibit 7. The response of a veteran to the type of VA statement above would certainly constitute an NOD as defined by 38 C.F.R. § 19.118. Thus, it is clear that VA practice in certain circumstances *requires* the filing of an NOD for a purpose other than the initiation of an appeal.

Third, and most important for our discussion here, is the statement in the dissent that:

> [N]othing in this opinion should be understood as contending that there can be only one NOD filed in a case.... There may be cases where BVA appellate review can lawfully be said to be precluded unless a subsequent NOD is filed.... If, *after BVA appellate review has been initiated* by the filing of an NOD, the issue involved in the claim truly changes such that BVA appellate review of that issue could not lawfully go forward without the filing of *another NOD*, then more than one NOD *would be necessary* in such a case and the required later NOD would vest jurisdiction [with this Court] if filed after November 17, 1988.

Dissenting opinion at 101 (emphasis added). Judge Steinberg acknowledges here that a valid NOD can be filed "after BVA review has been *initiated*," *id.* (emphasis added), and thus destroys the very premise upon which his dissent rests—that the only purpose of the NOD is to initiate an appeal to the BVA.

For the reasons stated above, I respectfully disagree with the dissenting opinion and vote to deny *en banc* review.