Albina M. MALGAPO, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–800.

United States Court of Veterans Appeals.

July 17, 1991.

Motion for Reconsideration and Motion for Review En Banc Denied Oct. 10, 1991.

Before NEBEKER, Chief Judge, and FARLEY and STEINBERG, Associate Judges.

## ORDER

PER CURIAM.

Appellant's Notice of Appeal stated that her Notice of Disagreement (NOD) was filed at the Department of Veterans Affairs (VA) Regional Office (RO) on March 15, 1989. The Secretary of Veterans Affairs then moved to dismiss and attached a preliminary record indicating that appellant filed NODs on June 16, 1988, and September 22, 1988. The Court then ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant's response of November 28, 1990, does not address the NOD jurisdictional issue. In her response, appellant also moved for extraordinary relief under the All Writs Act, 28 U.S.C. § 1651.

Because the Court required further documentation in order to determine jurisdiction under *Whitt v. Derwinski,* 1 Vet.App. 40 *reh'g en banc denied* 1 Vet.App. 94 it ordered the Secretary to provide a supplemental preliminary record including (1) the filing dates of any correspondence which might be construed as an NOD filed by appellant, (2) copies of all adjudicative determinations made by the VARO and its hearing officers after September 22, 1988, and (3) copies of any correspondence from the VARO referring to such determinations.

In his response, the Secretary stated that appellant had filed after November 18, 1988, no document which might be construed as an NOD. The Secretary also argued that appellant's motion for extraordinary relief should be denied.

On March 8, 1991, this Court entered an order dismissing appellant's appeal because "appellant filed her NOD prior to November 18, 1988, and because, under the provisions of Pub.L. No. 100–687, § 402, the Court does not have jurisdiction unless an appellant filed an NOD on or after November 18, 1988". Veterans' Judicial Review Act, Pub.L. 100–687, Div. A, § 402, 102 Stat. 4105, 4122 (1988) (VJRA). On April 22, 1991, appellant filed a pleading styled "Appellant's request for extraordinary relief under the All Writs Act", which the Court deems to be a motion for review by a panel of the Court of the March 8, 1991, order.

Upon consideration of that pleading and order and the supplemental preliminary record, it is

ORDERED that appellant's motion, as so deemed, is granted and that the Court's March 8, 1991, order is vacated, except for its last paragraph.

Upon further consideration of that pleading and record, the Court holds that appellant's April 7, 1989, VA Form 1–9, expressing disagreement with the decision, made by the Director, Compensation and Pension Service of VA's Veterans Benefits Administration, "that the evidence does not justify a change in the decision with which you

have [previously] expressed disagreement" is a jurisdictionally valid NOD under 38 U.S.C. § 7105(b)(1) (formerly § 4005) which requires that an NOD "must be filed with the activity which entered the determination with which disagreement is expressed". *See Whitt*, 1 Vet.App. at 43 (subsequent NOD as to same claim satisfies VJRA § 402 when it is "a written communication from the claimant expressing dissatisfaction [with] ... the Hearing Officer's decision ... to continue the denial of benefits[, which] was an adjudicative determination"); *Stokes v. Derwinski*, 1 Vet.App. 201, 203 (1991) (to the same effect: "any communication which 'can reasonably be construed' as expressing dissatisfaction with a VA adjudicative determination must be considered a valid NOD for this Court's jurisdictional purposes"). The more narrow language of 38 C.F.R. § 19.-118 (1990), which provides that a "written communication ... expressing ... disagreement with an adjudicative determination of ... the Department of Veterans Affairs [ ] regional office, medical center or clinic [ ] which notified the claimant of the action taken ... will constitute [an NOD]", may not properly be construed as a limitation on the scope of the statutory language from which it derives, and that statute permits a valid NOD to be filed with **any** activity (not limited to those listed in the regulation) "which entered the determination with which disagreement is expressed". 38 U.S.C. § 7105(b)(1) (formerly § 4005) (1988). Accordingly, it is

ORDERED that the appeal proceed under the Court's Rules of Practice and Procedure and that appellant file a statement of issues under Rule 6 of those Rules not later than 60 days after the date of this order.

Before NEBEKER *, Chief Judge, and KRAMER, FARLEY *, MANKIN, HOLDAWAY, IVERS, and STEINBERG *, Associate Judges.

### ORDER ON MOTION FOR RECONSIDERATION OR REVIEW EN BANC

PER CURIAM.

On July 17, 1991, the Court issued an order, granting appellant's motion for review of the Court's March 8, 1991, order which dismissed this case for lack of jurisdiction. The July 17, 1991, order asserted jurisdiction and ordered that the case proceed. On July 31, 1991, the Secretary of Veterans Affairs filed a motion for reconsideration or, in the alternative, for review *en banc* of the July 17, 1991, order.

Upon consideration of the Secretary's motion for reconsideration and the Secretary's alternative motion for review *en banc*, it is by the panel *

ORDERED that the Secretary's motion for reconsideration is denied. It is by the Court *en banc*,

ORDERED that the Secretary's motion for review *en banc* is denied.

STEINBERG, Associate Judge, concurring:

I write to make two points in response to the dissent of Judge Kramer, *infra*. First, the parenthetical phrase "(hereafter referred to as the 'agency of original jurisdiction')" in section 7105(b)(1) serves a cross-reference purpose and not a substantive one. (The cross-reference term is used in whole or in part four times thereafter in the section to refer to "the activity which entered the determination with which disagreement is expressed".) I thus cannot agree with Judge Kramer's conclusion that the **statute** "require[s] that an NOD must be filed with an activity that makes original decisions." Second, to the extent that the *Malgapo* order, entered on July 17, 1991, might have been interpreted by some as permitting "a valid NOD to be filed to a Board of Veterans' Appeals decision", the Court's per curiam statement, entered on September 12, 1991, that "it would be ... legal error ... for this Court to assume jurisdiction on the basis of a purported NOD which could not have been filed until the BVA review which an NOD was intended to generate already had ended in a final decision", in *Sudranski v. Derwinski*, 1 Vet.App. 457 (per curiam order statement

1991), effectively eliminated the legitimacy of any such interpretation.

KRAMER, Associate Judge, dissenting:

I would grant the appellee's motion for review *en banc*, not because of the rationale expressed in the motion, but because the July 17, 1991, per curiam order in this case deviates from the precedent that this Court established in *Whitt v. Derwinski*, 1 Vet.App. 40, *reh'g en banc denied*, 1 Vet. App. 94 (1990). In *Whitt*, we held that a notice of disagreement ("NOD") which meets the requirements of 38 C.F.R. § 19.-118 (1990) ("regulation") is valid for the purposes of conferring jurisdiction on this Court. The regulation requires, in relevant part, that an NOD must be filed in response to "an adjudicative determination of an agency of original jurisdiction (the VA regional office, medical center or clinic which notified the claimant of the action taken)...." In *Whitt*, we deemed this language to be the key "operative words" in determining whether an NOD was valid for jurisdictional purposes. *Whitt*, at 42.

The per curiam order in the instant case, however, stated that the regulation is too narrow and that 38 U.S.C. § 7105(b)(1) (formerly § 4005(b)(1)) "permits a valid NOD to be filed with **any** activity (not limited to those listed in the regulation) which 'entered the determination with which disagreement is expressed'." *Malgapo v. Derwinski*, 1 Vet.App. 40 (per curiam order granting jurisdiction, 1991) (emphasis in original) (citing 38 U.S.C. § 7105(b)(1)). Unfortunately, however, the per curiam order neglected to finish the quoted statutory sentence which, correctly stated, reads:

> [The NOD shall] be filed with the activity which entered the determination with which disagreement is expressed (**hereafter referred to as the "agency of original jurisdiction"**).

38 U.S.C. § 7105(b)(1) (emphasis added). The term "agency of original jurisdiction" is not itself further defined by statute. In the context of § 7105(b)(1), the word "original" appears to be a limitation on the word "activity", and hence the regulation is consistent with the statute in that both require

that an NOD must be filed with an activity that makes original decisions. Although it is unclear from the regulation whether the entities listed therein ("VA regional office, medical center, or clinic") exclusively constitute those entities which can be "agencies of original jurisdiction", or are only examples thereof, what is clear is that both the statute and the regulation require that an NOD can **only** be filed in rsponse to an adjudication of an original decision maker. The per curiam order does not, however, determine whether the adjudication in the instant case made by the "Director, Compensation and Pension Service of the VA's Veterans Benefit Administration", *Malgapo v. Derwinski*, 1 Vet.App. 40 (per curiam order granting jurisdiction, 1991), is such an adjudication.

I cannot accept a rationale which permits a valid NOD to be filed with "**any** activity". By implication, the majority order "un-*Whitt*ingly" permits a valid NOD to be filed to a Board of Veterans Appeals' decision and thus completely obliterates the already shaky rationale expressed in the per curiam statement in *Sudranski v. Derwinski*, U.S.Vet.App. No. 90–451 (order denying motion for reconsideration or review *en banc*, Sept. 12, 1991) even before the ink thereon has dried.