Antonio LACONTI, Jr., Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 91–918.

United States Court of Veterans Appeals.

Dec. 22, 1992.

Before STEINBERG, Associate Judge.▪

## ORDER

On October 8, 1992, the Acting Secretary of Veterans Affairs (Acting Secretary) filed a motion for partial dismissal and partial remand of the present appeal of a Board of Veterans' Appeals (BVA) February 6, 1991, decision, and for the Court to set aside its October 30, 1991, order denying a previous motion for dismissal.

The record and the pleadings filed by the parties send some conflicting signals as to who is the actual party in interest in this case. The February 6, 1991, BVA decision on appeal is captioned *"Michael Laconti in the Case of Antonio Laconti, Jr."* (BVA 91-_____ (Feb. 6, 1991)), and dealt with Michael Laconti's claim for accrued benefits under 38 U.S.C. § 5121 (formerly § 3021), based on the claim of (his father) Antonio Laconti for service-connected disability compensation, which claim was pending at the date of Antonio Laconti's death. The Notice of Appeal and all subsequent documents in this Court were filed in the name of "Estate of Antonio Laconti, Jr." by an attorney representing the estate (and the appeal was docketed by this Court listing Antonio Laconti, Jr., as appellant). *See* U.S.Vet.App.R. 43(a)(1).

Pursuant to 38 U.S.C. § 5121(a), it is the veteran's surviving spouse, children, and/or dependent parents—not the veteran's estate—who are entitled to receive accrued benefits upon the veteran's death. Therefore, unless it is otherwise demonstrated, all pleadings filed in this case on behalf of the "Estate of Antonio Laconti, Jr." will be considered as filed in furtherance of the appeal of Michael Laconti. All references in this order to "appellant" will be references to Michael Laconti.

The Acting Secretary states that he had been "exploring the possibility of a settlement" of appellant's appeal, but that recent decisions by the U.S. Court of Appeals for the Federal Circuit, in *Strott v. Derwinski*, 964 F.2d 1124 (Fed.Cir.1992), and this Court, in *King v. Derwinski*, 3 Vet.App. 242 (1992) (per curiam order), require the Court to revisit the issue of its jurisdiction. The Acting Secretary seeks dismissal of appellant's claim for accrued benefits, asserting that the Court lacks jurisdiction because the Notice of Disagreement (NOD) as to that claim was filed prior to November 18, 1988. The Acting Secretary moves

**552**

that the Court remand for development and readjudication appellant's claim for entitlement to Dependency and Indemnity Compensation (DIC). The Acting Secretary states that appellant opposes the motion and believes that the Acting Secretary has not acted in good faith by raising this jurisdictional issue after the appellant had agreed to several motions by the Acting Secretary for extensions of time to file a brief and had agreed to the last such motion with the express understanding that the parties would explore the possibility of settlement, and after the parties had already engaged in settlement negotiations.

■ This Court's jurisdiction is limited by statute to cases in which an NOD was filed on or after November 18, 1988. *See* Veterans' Judicial Review Act (VJRA), Pub.L. No. 100–687, § 402 (1988); *Skinner v. Derwinski,* 1 Vet.App. 2, 3 (1990). To be valid, an NOD must be a "written communication from a claimant or the representative expressing dissatisfaction or disagreement with an adjudicative determination of an agency of original jurisdiction" and must be "in terms which can be reasonably construed as a desire for review of that determination." 38 C.F.R. § 19.118 (1991) (replaced by 57 Fed.Reg. 4088, 4112 (Feb. 3, 1992) (to be codified at 38 C.F.R. § 20.-201)); *see Stokes v. Derwinski,* 1 Vet.App. 201, 203 (1991). The NOD must be filed with the agency of original jurisdiction ("the activity which entered the determination with which disagreement is expressed") "within one year from the date of mailing of notice of the result of initial review or determination." 38 U.S.C. § 7105(b)(1) (formerly § 4005); *cf. Malgapo v. Derwinski,* 1 Vet.App. 397 (1991). Moreover, pursuant to the Federal Circuit's *Strott* decision and this Court's *King* order, a purported NOD filed with regard to a claim that has previously been the subject of a valid NOD, substantive appeal, and hearing on appeal, is not a valid NOD for purposes of this Court's jurisdiction. *See Strott,* 964 F.2d at 1128; *King,* 3 Vet. App. at 243.

■ Although the Acting Secretary has raised the question of this Court's jurisdic-

tion after the parties have filed their pleadings and engaged in settlement negotiations, "[a] jurisdictional matter can be raised at any stage of a judicial proceeding by any party or by the court on its own motion." *Phillips v. General Servs. Admin.,* 924 F.2d 1577, 1579 (Fed.Cir.1991); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); *Fugere v. Derwinski,* 972 F.2d 331, 334 n. 5 (Fed.Cir.1992).

■ In the present case, the veteran, Antonio Laconti, Jr., in August 1986 had filed with the Veterans' Administration (now Department of Veterans Affairs) (VA) a reopened claim for service-connected disability compensation for acute myelogenous leukemia. R. at 36–39. The VA Regional Office (RO) denied that claim on May 12, 1987. R. at 58–59. The veteran filed an NOD with that decision on July 30, 1987. R. at 62. The veteran's claim was still pending before VA at the time of his death on December 1, 1988. R. at 190. On August 23, 1989, the veteran's son, Michael A. Laconti, filed a claim for DIC benefits. R. at 196–99. Pursuant to 38 U.S.C. § 5101(b)(1) (formerly § 3001) and 38 C.F.R. § 3.152(b)(1) (1991), VA correctly construed that claim as also constituting a claim for accrued benefits under 38 U.S.C. § 5121(a).

In a December 6, 1989, decision, the VARO denied the claim for accrued benefits, noting that the rating decision was made "FOR PURPOSES OF 38 U.S.C. 3021 AND 3110 ONLY". R. at 203. In a written presentation to the BVA, dated October 15, 1990, appellant's representative stated that the veteran had been denied entitlement to service-connection for his leukemia because it had been diagnosed after the then-applicable 30–year presumption period for service connection of leukemia due to radiation exposure. R. at 204. (The Court notes that the presumption period for leukemia due to radiation exposure was extended to 40 years in 1991, Pub.L. 102–86, § 104(a) (Aug. 14, 1991) (amending 38 U.S.C. § 1112(c)(3) (formerly § 312)), and that the time limit for presumptive service

connection for leukemia was removed altogether in 1992, Veterans' Radiation Exposure Amendments of 1992, Pub.L. 102–578, § 2 (Oct. 30, 1992) (deleting former section 112(c)(3).) Appellant's representative requested that the BVA review the case. R. at 204.

In its February 6, 1991, decision, the BVA denied the claim for accrued benefits (employing the then-applicable 30–year presumption period), and held that it lacked jurisdiction over appellant's claim for DIC benefits because that issue had not been developed by the RO or certified for appeal.

Pursuant to 38 U.S.C. § 5121(c), an application for accrued benefits must be filed "within one year after the date of [the veteran's] death". *See also* 38 C.F.R. § 3.1000(c) (1991). Although appellant's claim for accrued benefits is related to the veteran's claim, during his lifetime, for service-connected disability benefits, entitlement to accrued benefits arises under 38 U.S.C. § 5121(a) and is predicated upon an accrued-benefits application filed *after* the veteran's death. Therefore, appellant's claim for accrued benefits could not have been filed prior to the veteran's death on December 1, 1988. Appellant's claim was filed on August 23, 1989, and the denial of his claim by the VARO on December 6, 1989, was the "initial" review and determination of his claim for accrued benefits. The Acting Secretary's argument that this Court lacks jurisdiction over the claim for accrued benefits because appellant's NOD was filed in July 1987 is without merit for the simple reason that there was not, nor could there have been, a claim for accrued benefits prior to December 1, 1988.

Accordingly, the October 15, 1990, statement of appellant's representative expressing disagreement with, and desire for review of, that decision is the only action of appellant after the veteran's death which could be considered a valid NOD giving this Court jurisdiction over the appeal.

On consideration of the foregoing, it is

ORDERED that, within 30 days after the date of this order, the Acting Secretary file a supplemental memorandum addressing whether the October 15, 1990, statement by appellant's representative is a valid NOD for the purposes of this Court's jurisdiction as well as the BVA's jurisdiction under VJRA § 402 and 38 U.S.C. § 7105(b), respectively, and, if not, what, if any, other action by appellant gave the BVA jurisdiction to render its February 6, 1991, decision in this case. Appellant shall have 21 days after service of such memorandum to file a response. It is further

ORDERED that, as an alternative to responding to the order in the preceding paragraph, the parties may file with the Court a joint motion for a stay in order to continue settlement negotiations. It is further

ORDERED that appellant, within 21 days after the date of this order, show cause why Michael Laconti should not be substituted as appellant in this action.