**Raymond H. FISHER, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–1816.**

United States Court of Veterans Appeals.

Decided March 22, 1993.

As Amended March 25, 1993.

Before FARLEY, HOLDAWAY and STEINBERG, Associate Judges.

## ORDER

PER CURIAM.

On January 28, 1993, the Secretary of Veterans Affairs (Secretary) filed a motion for reconsideration and full Court review of the panel's remand decision, dated January 14, 1993. The Secretary argues that a regional office's failure to send a case involving extraschedular consideration, under 38 C.F.R. § 4.16(b), to the Director of the Department of Veterans Affairs Compensation and Pension Service, is not an adjudicative decision, and thus, not appealable to the Board of Veterans' Appeals.

The Secretary also asserts that the Court erred in listing "age" as a factor to be considered when evaluating service-connected unemployability claims. On March 3, 1993, the Court issued an order deleting the word "age" as a factor.

Upon consideration of the foregoing, it is

ORDERED that reconsideration is denied. It is further

■ ORDERED, notwithstanding the Court's prior practice, that the motion for review by the full Court is premature and is not accepted for filing. Full Court review of the panel's denial of reconsideration may be sought within 14 days after the date of this order. The Secretary is advised that full Court consideration is not favored and will be ordered only when it is necessary to secure or maintain uniformity of decision among panels, when a case involves a question of exceptional importance, or in other unusual circumstances. *Mata v. Brown*, 4 Vet.App. 276 (1993) (order).

STEINBERG, Associate Judge, concurring:

I concur in the Court's order. I write separately to try to tack down a loose thread in the "confusing tapestry" of Department of Veterans Affairs (VA) regulatory provisions relating to individual unemployability (IU) as a basis for an award of a total-disability rating for purposes of entitlement to disability compensation at a 100% rate. *See Hatlestad v. Derwinski*, 1 Vet.App. 164, 167 (1991); *Hatlestad v. Derwinski*, 3 Vet.App. 213, 214 (1992).

From the arguments contained in his motion for reconsideration, it appears that the Secretary of Veterans Affairs (Secretary) reads the Court's August 21, 1992, opinion as having implied that the Board of Veterans' Appeals (BVA or Board) is foreclosed from adjudicating claims for special derivative individual unemployability benefits under 38 C.F.R. § 4.16(b) (1992) because authority to adjudicate such claims is provided expressly only to the Director of the VA Compensation and Pension Service (DCPS). In his motion the Secretary argues: "The BVA is not precluded by any law or regula-

tion from making the same adjudicative determination which the [DCPS] could have made had the case been referred to [DCPS]." Mot. at 4.

I agree with the Secretary as to the latter conclusion. However, nothing in the Court's opinion implies that the Board may not review, on the merits, a DCPS decision denying a special derivative IU rating under § 4.16(b), or that the BVA itself could not, even if the DCPS had not decided the issue, proceed to apply the policy set forth in the first sentence of § 4.16(b), quoted below. Indeed, in my view, the Board is authorized to take either such action.

The first sentence of § 4.16(b) provides a clear directive that all those "who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities *shall* be rated totally disabled." 38 C.F.R. § 4.16(b) (1992) (emphasis added). This regulatory policy must be applied by the Board no less than VA regional offices (ROs).[1] Moreover, because 38 U.S.C.A. § 7104(a) (West 1991) empowers the Board to decide all questions which the Secretary is empowered to decide by 38 U.S.C.A. § 511(a) (West 1991) and because that latter section directs the Secretary to decide "all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary", the Secretary would have no authority (should he wish to do so)

to prohibit the BVA from reviewing on the merits a DCPS decision not to award a special derivative IU rating under § 4.16(b). Indeed, the BVA could decide such an issue in the first instance, even if the RO had not referred the matter to DCPS for consideration.[2]

Hence, I believe that the statutory scheme very clearly provides for appeals to the BVA from adverse determinations of the DCPS, and that the BVA, once it has jurisdiction over an appealed claim, has plenary authority to decide all issues of fact and law presented in the claim. As applied to the fact issue in the present appeal, the prescribed path for § 4.16(b) adjudication is that the RO is to send to the DCPS for consideration those cases where the service-connected-disability rating is below 60% but where "exceptional or unusual factors" suggest that the veteran is nevertheless unemployable by reason of service-connected disability. If the RO does not make such a referral, then that non-referral may be appealed to the BVA. At that point, the BVA may either direct that referral to the DCPS be made *or* apply the first sentence of § 4.16(b) to the facts of the case and decide the IU issue itself. If the BVA refuses to have the issue sent to the DCPS or proceeds to adjudicate the claim under § 4.16(b) and denies it, either issue would be appealable to this Court. In the former instance, as the Court noted in its

1. *See Douglas v. Derwinski*, 2 Vet.App. 435, 440 (1992) (Court en banc held unanimously that "the Board is required to adhere to 'the regulations' of the Department. *Douglas [v. Derwinski]*, 2 Vet.App. [103, 110 (1992) (*Douglas I*) ]"); *see also* 38 U.S.C.A. § 7104(c) (West 1991) (Board is "bound by ... the regulations of the Department").

2. In 38 C.F.R. §§ 3.321(b)(1) and 4.16(b) (1992) the Secretary has specifically limited the authority only of RO "field station[s]" and "rating boards", respectively, to make IU derivative total disability ratings for sub–60%–rated cases. The regulations are conspicuously silent as to the BVA. Although the Secretary might be authorized, if he chose, to require the BVA to provide for referral of such a case to the DCPS *before* the BVA considered the merits (as long as he did not limit the BVA's authority *ultimately* to decide the merits of the IU issue), the Secretary has imposed a referral requirement *only* on the ROs.

In *Malgapo v. Derwinski*, 1 Vet.App. 397, 399 (1991), this Court held that under 38 U.S.C.A. § 7105(b)(1) (West 1991) "agency of original jurisdiction [ (AOJ) ]", for purposes of notices of disagreement (NOD), must be construed as including "*any* ... 'activity which entered the determination with which disagreement is expressed' " and "may not properly be construed as" limited to VA ROs, Medical Centers, or medical clinics, notwithstanding the definition in 38 C.F.R. § 19.118 (1990). In *Malgapo*, the decision with which a timely NOD was filed and which was thus validly appealed to the BVA was a denial by the DCPS. Subsequent to the Court's decision in *Malgapo*, the Secretary promulgated a new definition of AOJ: "[AOJ] means the [VA] regional office, medical center, clinic, cemetery, *or other [VA] facility* which made the initial determination on a claim...." 38 C.F.R. § 20.3(a) (1992) (emphasis added).

August 21, 1992, opinion, the Court will require that the BVA give reasons or bases for its non-action. In my view, however, on remand of the instant case from the Court the BVA may either provide for referral to the DCPS *or adjudicate* the § 4.16(b) issue itself.

Finally, in his motion the Secretary asserts that

the [C]ourt's holding in the case at bar invites a dual appeal, to wit: (1) from the RO's decision not to refer the claim to [DCPS]; and (2) from the denial of the benefit itself by the Veterans Benefits Administration (of which the RO rating boards and the Compensation and Pension Service are component parts).

Although the Secretary fails to provide any support for this conclusory statement, his concern that claims under § 4.16(b) would engender dual appeals to the BVA is misplaced. The Secretary is free to promulgate a regulation adopting, in order to preserve appellate resources, a prohibition against piecemeal appeals to the BVA. *Cf. Harris v. Derwinski*, 1 Vet.App. 180, 183 (1991) ("This Court will neither review BVA decisions in a piecemeal fashion nor unnecessarily interfere with the Department of Veterans Affairs' (VA) deliberative process.").