Charles E. **FLOYD,** Appellant,

v.

Jesse **BROWN,** Secretary of Veterans Affairs, Appellee.

No. 92–970.

United States Court of Veterans Appeals.

June 17, 1994.

Before HOLDAWAY, IVERS and STEINBERG, Judges.

**ORDER**

PER CURIAM.

Charles E. Floyd appeals a May 21, 1992, decision of the Board of Veterans' Appeals (Board) that denied an increased schedular rating for service-connected residuals of a fracture of the left mandible with temporomandibular joint pain (currently rated 10% disabling), granted an additional 10% evaluation for that condition on an extraschedular basis, and did not reopen service connection claims for bilateral hearing loss and bilateral tinnitus secondary to the service-connected left mandible condition. *Charles E. Floyd,* BVA 92–12610 (May 21, 1992). On May 23, 1994, this appeal was submitted to a panel for decision without oral argument.

Under 38 C.F.R. § 3.321(b)(1) (1993),

Rating shall be based as far as practicable, upon the average impairments of earning capacity with the additional proviso that the Secretary shall from time to time readjust this schedule of ratings in accordance with experience. To accord justice, there-

fore, to the exceptional case where the schedular evaluations are found to be inadequate, *the Chief Benefits Director or the Director, Compensation and Pension Service,* upon field station submission, is authorized to approve on the basis of the criteria set forth in this paragraph an extra-schedular evaluation commensurate with the average earning capacity impairment due exclusively to the service-connected disability or disabilities. The governing norm in these exceptional cases is: A finding that the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization as to render impractical the application of the regular schedular standards.

(Emphasis added.)

Upon consideration of the foregoing, it is

ORDERED that the Secretary and appellant file memoranda, within 30 days after the date of this order, addressing whether the language of the regulation quoted above is exclusive, thereby precluding the Board from making a determination as to an extraschedular rating in the first instance and whether and to what extent such a determination by the Chief Benefits Director or the Director, Compensation and Pension Service, is reviewable by the Board. It is further

ORDERED that further proceedings in this matter are stayed pending further order of the Court.

STEINBERG, Judge, concurring:

The parties may be interested in *Fisher v. Principi,* 4 Vet.App. 405, 406–08 (1993) (Steinberg, J., concurring), which addresses an analogous matter.